**WALLACE et, Claimant, v. BUREAU OF UNEMPLOYMENT COMPENSATION et, Respondent.**

Common Pleas Court, Summit County.

No. 208703.   Decided July 10, 1959.

Robert E. Shuff, Akron, for claimant.
A. L. Greenspun, Columbus, for Atty. Genl. Office.

## OPINION

By EMMONS, J.:

This is an appeal from the decision and order on rehearing of the Unemployment Compensation Board for the following reasons:—

1. The decision is unlawful, unreasonable and against the manifest weight of the evidence.

2. The decision is erroneous in that it attempts to produce an unreasonable and absurd consequence.

3. The decision is without legal foundation.

Counsel for the claimant Robert E. Shuff and the Attorney General of Ohio, through A. L. Greenspun, agreed to submit this appeal upon briefs, the record of the case and the transcript as perfected in the Bureau of Unemployment Compensation.

The finding of fact made by the Board of Review of the Bureau of Unemployment Compensation is as follows:—

"On or about May 16, 1956, claimant was offered a referral to potential employment as a sales clerk at the Miracle Mart, Akron, Ohio. After talking the matter over with the interviewer, the claimant refused this referral for the reason that she would be required to work every fourth Sunday. At the time the referral was made all of the things pertinent to the job were explained to the claimant, i. e., that the job was as a sales clerk in what would be termed a general store; that the hours were to be from 12:30 P. M. until 9:00 P. M. on week days and 11:00 A. M. to 6:00 P. M. on Sundays; that the wages were to be $35.00 per week."

"Claimant would have accepted the employment, would have worked the hours required, and would have been content with the wages, except for the fact that she would be required to work every fourth Sunday. Claimant further said that she had religious scruples regarding Sunday work, unless it were necessary, or of an emergency nature; that she had strong religious convictions in this respect. She further said that Sunday work of the type offered here was illegal under the laws of the State of Ohio, and that this is an additional reason for her refusing the referral."

The Board of Review held:—

"On May 16, 1956, the claimant refused to investigate a referral to potential work. Benefit rights are suspended as of said date until claimant secures employment subject to an unemployment compensation law,

earns wages equal to her weekly benefit amount, and is otherwise eligible. Claim for the week ending May 19, 1956, is disallowed."

The Board of Review in that part of the finding which they styled "Reason" there appears the following:—

Law applicable: §4141.29 (C) (3) R. C., provides as follows:—

(Sec. 4141.29C R. C.) "Not withstanding Division (A) of this section, no individual may serve a waiting period or be paid benefits for the duration of any period of unemployment with respect to which the Administrator finds that such individual:—

"(3) Has refused without **good cause** to accept an offer of **suitable work** when made by an employer either in person or at his last known address, or has refused or failed to investigate a referral to work **when directed to do so by a local employment office of this state or another state."** (Emphasis by the court.)

Considering the fact that Unemployment Compensation Benefits are governed solely by statute and therein have their being, what then are the requirements for the claimant to establish in order to prove her right to participate in this award?

The first part of §4141.29 (C) (3) R. C., is as follows:—

"Has refused without good cause to accept an offer of suitable work."

Did the claimant have good cause in refusing this offer of referral?

Partial testimony of the claimant, Louise E. Wallace, is as follows:—

"Q. And during the course of that interview did she (Gertrude Smith) tell you where the job was located Ma'am?

"A. Yes Ma'am.

"Q. Did she offer you a referral to the Miracle Mart Ma'am? Will you go ahead and answer.

"A. She told me there was a job open at the Miracle Mart.

"Q. Yes Ma'am. what else did she tell you about?

"A. I was to work every night until 9 o'clock. The wages were $35.00 a week and I must work every fourth Sunday.
                    * * * * * *
"Q. And there was no question but what you would have accepted but for the reason it required you to work every fourth Sunday?

"A. Yes sir.

"Q. And for that reason you didn't want to take the job?

"A. Yes sir.

"Q. Does your religion prohibit you from working on Sundays?

"A. The only religion that I understand prohibits you from it, it is the Jehovah's Witnesses, but I do belong to a Protestant religion that forbids you from working on Sunday" * * *.

What is "good cause" referred in §4141.29 (C) (3) R. C.

It is that cause that to an ordinary intelligent man is a justifiable reason for doing or not doing a certain particular thing.

Can this court or any court attack the sincerity of the claimant's religious belief?

The court takes judicial notice of the sacrifices made and tortures endured for the sake of religious beliefs—then certainly if one rejects an offer of referral because the acceptance would violate doctrines of her religion, that one has good cause and the claimant has complied with

the legislative enactments in this respect and she has not violated these to the end that she would be denied relief.

The second part of the statute is as follows:—

(Sec. 4141.29 [C] [3] R. C.) "* * * or has refused or failed to investigate a referral to work **when directed to do so by a local employment office of this state or another state.**" (Emphasis by the Court.)

I have perused the testimony and all the evidence in this case and yet I do not find in any instance that the claimant refused or failed to investigate a referral to work when directed to do so by a local employment office of this state or another state. The only testimony we have concerning this referral, other than the claimant's testimony, was taken from the claimant's interviewer.

Partial testimony of Gertrude Smith:—

"Q. You were the interviewer who contacted Mrs. Wallace with reference to this job?

"A. Yes.

"Q. Did you make her out a referral card Ma'am?

"A. No. As a rule you do not make her out a referral card because she refused the job and therefore no card is given."

No where in the testimony of Gertrude Smith do we find that she or anyone else from the Employment Office directed the claimant to investigate this referral to work. In fact there was testimony by Gertrude Smith, the interviewer, that there was no referral given because the claimant refused this work. However, to comply with the law she should have given a referral and told the claimant to investigate it, so this claimant cannot be charged with a non-conformance to the statute when it is not established by the evidence that the local Employment Bureau employees did not conform to a prerequisite.

The claimant has also injected into this case the fact that even if her religion would have permitted her to accept this referral, the contract of employment offered was illegal, the same being in contravention of §3773.24 R. C.—

"No person who is over 14 years of age shall engage in common labor or open or cause to be opened, a building or place for transaction of business, or require a person in his employ or under his control to engage in common labor on Sunday." (There are certain exceptions which do not apply in this case.)

15 O. 225—Cincinnati v. Rice, it was held that:—

"Common labor embraces the business of trading, bartering, selling or buying any goods, wares or merchandise."

Sec. 3773.99 R. C.—

"Whoever violates §3773.24 R. C., shall be fined $25.00 for the first offense and for each subsequent offense not less than $50.00 nor more than $100.00 and imprisoned not less than 5 nor more than 30 days."

A person cannot be compelled and it was not the intention of the legislature to compel a person to accept employment which would be illegal in one or more respects, and the fact that a claimant turns down an offer of referral because of this, does not make that one ineligible for benefits under the Unemployment Compensation Law.

The work for which the claimant was offered a referral was as a

sales clerk in the Miracle Mart, which work did not come within the exceptions set out in the statute, and as a part of the contract of employment she had to work on Sunday every fourth week—which employment for that day was illegal and the claimant was justified in refusing this work whether she had a conscientious religious belief as concerns work on Sunday or not.

I am mindful that in appeals of this nature it is not the province of the reviewing court to determine this case as though originally heard by this court and that the court may not substitute his judgment for that of the original fact finding body, but I am limited to the task only of determining whether the decision of this body was unlawful, unreasonable or against the manifest weight of the evidence—and with this limitation in mind this court finds that the claimant had good cause in refusing to accept this offer of employment; that the same was prejulicial to her religious belief and partially illegal and that the decision and order on rehearing of the Unemployment Compensation Board is unreasonable and against the manifest weight of the evidence, and is without legal foundation and should be reversed and remanded for further proceedings.

Journal Entry to be prepared.