Henry V. Ennis, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued March 6, 1975, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Murry Powlen,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE ROGERS, April 15, 1975:

This is the appeal of Henry V. Ennis from an order of the Unemployment Compensation Board of Review sustaining a referee's denial of the appellant's application for unemployment compensation benefits.

The appellant, a resident of Philadelphia, lost the job which he had held for eight years on January 16, 1971. After an unfruitful search for other employment during which his savings were exhausted, he applied for unemployment compensation benefits in March of 1971. On Friday afternoon, March 26, 1971, as he was about to leave his home for a job interview in Ardmore which he had himself arranged, Mr. Ennis received a telephone call from the Bureau of Employment Security directing him to visit a prospective employer in Northeast Philadelphia during that afternoon. The appellant went to the interview first arranged. On the way to the second interview his automobile broke down in Ardmore, preventing his appearance at the interview arranged by the Bureau. He failed to inform the Bureau or the prospective employer referred by the Bureau of the reason for his nonappearance. When Mr. Ennis appeared for his weekly registration on the following Friday the Bureau declared him ineligible for benefits by Section 402 (a) of the Unemployment Compensation Law.[1] A referee affirmed the Bureau and the Board of Review affirmed the referee. Mr. Ennis has appealed to this court.

Section 402 (a) provides in pertinent part:

"An employe shall be ineligible for compensation in any week—

"(a) In which his unemployment is due to failure, without good cause, either to apply for suitable work at such time and in such manner as the department may prescribe, or to accept suitable work when offered to him by the employment office or any employer. . . ."

The question here is whether appellant demonstrated good cause for failing to apply for work with the employer referred by the Bureau. The cases hold that whether the good cause which will justify continuing eligibility

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(a).

is shown turns on whether claimant's actions do or do not evidence good faith consistent with a general desire to be employed. *See, e.g., Kanouse v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 188, 305 A.2d 782 (1973) ; *Lybarger Unemployment Compensation Case,* 203 Pa. Superior Ct. 336, 346, 201 A.2d 310, 315 (1964), *aff'd* 418 Pa. 471, 211 A.2d 463 (1965). The Board does not, nor could it meritoriously, contend that the breakdown of appellant's automobile in Ardmore was not good cause for failing to meet with a prospective employer in Northeast Philadelphia. It argued, rather, that appellant's failure to notify the Bureau or the prospective employer of his difficulty conclusively demonstrated bad faith inconsistent with a general desire to be employed. We disagree.

While the failure to inform interested parties of the reason for not applying for work when directed to do so is some evidence of bad faith, it is not conclusive. It must be considered, but so also must be other facts of record which tend to show good faith consistent with a general desire to be employed, including Mr. Ennis's diligent and continuous effort to find work, his delayed application for compensation, the good cause for his failure to keep the appointment made for him, the fact that this incident occurred before the Bureau had instructed Mr. Ennis of his rights and responsibilities, and, we may add, Mr. Ennis's eventual success in finding employment for himself. These facts, if found to preponderate, could support a conclusion that Mr. Ennis did not without good cause fail to apply for suitable employment and that his actions as a whole demonstrated good faith consistent with a general desire to be employed.

The two cases relied on by the Board are distinguishable. Neither stands for the proposition that a claimant who, for good cause, fails to keep an appointment must notify the Board or the employer of that failure before his next weekly registration on the pain of losing benefits.

In *Cohen Unemployment Compensation Case,* 189 Pa. Superior Ct. 140, 149 A.2d 186 (1959), the claimant was interviewed by a prospective employer and instructed to return for a second interview which she failed to attend because she forgot about it. In *Kanouse v. Unemployment Compensation Board of Review, supra,* the claimant sought to explain his failure to pursue a job referral by asserting that he was unable to find the employer's office and further gave testimony demonstrating his belief that the job to which he was referred neither suited his skills nor provided adequate compensation. The ineligible claimants in *Cohen* and *Kanouse* failed to demonstrate good cause for not applying when directed or good faith consistent with the general desire to be employed.

We therefore make the following:

ORDER

AND NOW, this 15th day of April, 1975, the order of the Unemployment Compensation Board of Review of February 9, 1974 is hereby vacated and the record remanded for further consideration, findings and conclusions by the Board of Review.