## Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania v. Michael DelGrosso, Appellant.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Nathaniel C. Nichols,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, April 8, 1976:

Michael DelGrosso (claimant) appeals to this Court from an order of the Unemployment Compensation Board of Review (Board) which denied him unemployment compensation benefits because it found that he had voluntarily terminated his employment with Globe Ticket

Company (employer) without necessitous and compelling reasons.[1]

Our review here is limited to questions of law and, absent fraud, to a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given the evidence are for the Board to determine. *Winkler v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 49, 338 A.2d 770 (1975).

In its adjudication, the Board adopted the following findings of fact:

"1. Claimant was last employed as a shipping clerk by the Globe Ticket Company at a final rate of $195 per week and his last day of work was October 25, 1974.

"2. The company moved its plant from Philadelphia to Horsham, Pennsylvania, and the claimant voluntarily terminated his employment because of the inconvenience of transportation from his home to Horsham.

"3. The employer provided chartered bus service from Philadelphia to Horsham at $7.50 per week. There also were car pools and other employes from the claimant's neighborhood continued their work after the employer moved.

"4. Prior to terminating his employment, the claimant did not ask his employer for help with trans-

---

1. The Board invoked Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1), which reads as follows:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in 'employment' as defined in this act. . . ."

portation to the new location nor did he make any attempt to travel to the new location to determine what was involved.

"5. The claimant was not discharged or laid off, and continued employment was available to him had he wished to remain employed."

The Board then concluded:

"Section 402(b)(1) of the Law provides that a claimant shall be ineligible for compensation for any week in which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Since the claimant voluntarily terminated his employment, the burden rests upon him to show cause of a necessitous and compelling nature for so doing. The claimant has failed to meet this burden. "The claimant voluntarily terminated his employment because he anticipated transportation difficulties to and from the employer's new location, but he did not ask the employer for help nor did he try commuting to the new location before he voluntarily terminated his employment. He has therefore failed to establish good cause for his voluntary termination and must be ruled ineligible to receive benefits."

Clearly, the foregoing findings of fact, which were admitted to be supported by the record, necessarily lead to the Board's legal conclusions, and the claimant must therefore be denied benefits. As we stated in *Aluminum Company of America v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 78, 84, 324 A.2d 854, 857-58 (1974), "[a]n employe may sustain his burden of showing that his voluntary termination of employment was with cause of a necessitous and compelling nature by demonstrating that his conduct was consistent with ordinary common sense and prudence. See Zinman v. Unemployment Compensation Board of Review, 8 Pa. Commonwealth Ct. 649, 305 A.2d 380

(1973). The circumstances prompting the severance of employment relationship must be 'real not imaginary, substantial not trifling' and 'reasonable not whimsical.' See Goldstein Unemployment Compensation Case, 181 Pa. Superior Ct. 255, 124 A.2d 401 (1956)."

Here claimant attempted to place upon his employer the burden of proving that it had done all that it could do to help claimant secure transportation. This was not the employer's responsibility. Additionally, we note that claimant never tried to use a special bus that the employer provided for its employees at a minimal fee. All of claimant's testimony concerning the time and costs involved in possible car pools, public transportation, and the employer's bus was speculative, for claimant never once tried to make the trip to the new location.

While claimant did present a number of mitigating reasons for his employment termination, the Board, as the factfinder, chose not to accept his testimony. Instead, it reached the conclusion that the reasons advanced by the claimant to explain his resignation lacked substance and that his actions were unreasonable under the circumstances. We agree.

Claimant failed to adequately search for transportation or even to try an already available means of transportation. He failed to carry his burden of proving reasonable and prudent efforts on his part to maintain his employment relationship. *See Faulkiner Unemployment Compensation Case,* 200 Pa. Superior Ct. 398, 188 A.2d 803 (1963).

ORDER

AND NOW, this 8th day of April, 1976, the order of the Unemployment Compensation Board of Review relative to the claim of Michael DelGrosso is affirmed, and his appeal is dismissed.