## Mary Ann Palucci v. Department of Employment Security

[376 A.2d 14]

No. 214-76

Present: **Barney, C.J., Larrow, Billings and Hill, JJ., and Shangraw (C.J. Ret.), Specially Assigned**

Opinion Filed April 5, 1977

*Carl R. Fogelberg*, Vermont Legal Aid, Inc., Montpelier, for Plaintiff.

*David M. Wilson* and *Michael F. Ryan*, Montpelier, for Defendant.

**Larrow, J.** Claimant, a Rutland waitress, appeals a decision of the Employment Security Board, imposing upon her a disqualification for unemployment benefits under 21 V.S.A. § 1344(a)(2)(C) despite a favorable ruling by the Chief Appeals Referee. That subsection imposes a disqualification for failure to apply for or accept suitable work when so directed, without just cause.

The facts of the case are quite simple. Claimant, living in Rutland City with no transportation of her own, was an experienced waitress, and unemployed. She was referred by the Vermont Job Service to an opening for a breakfast waitress at the Cortina Inn, some 7 miles distant, on February 6, 1976. The job required her to arrive at 6:30 A.M. on weekdays, and 5:00 A.M. on weekends when public transport was unavailable. She refused the referral. Although the referee found that the time when the work started precluded her from making arrangements to get to the job, the Board, on the same evidence, merely found that to be her contention, making no finding whatever as to the fact. It then went on to conclude, without any evidence on the question, that Mendon is within the Rutland labor market area, and that claimants within that area are expected to furnish their own transportation to and from work.

The instant case could well be reversed and remanded summarily, since the Board based its decision on failure to accept suitable work, while the evidence is uncontroverted that no job was actually offered the claimant. She declined to apply for it, so the penalty, if any, can be imposed only for failure to apply for suitable work without just cause. Such a summary remand would serve no useful purpose, since the underlying principles are the same, and a part of the Board's decision indeed indicates a confusion as to the precise statutory basis for its ruling.

■ The apparent error below is the attachment of Mendon to the Rutland labor market area by the Board, without any evidence upon which to base this determination. As in *In re Barcomb*, 132 Vt. 225, 229, 315 A.2d 476 (1974), this finding "without any foundation in the evidence, was erroneous and unrealistic." As we noted in *Barcomb*, "[a] person of highly specialized skills must be willing to travel a further distance and

accede to a labor market of sufficient geographical area to include employers utilizing those specialized skills." *Id.* at 231. But the occupation of a waitress is not so highly specialized as to come automatically within that rule. Nor do we think it demonstrable that Rutland City is an unreasonably restricted area of availability for one in that occupation.

> A person holding himself out as available for any "light work" can restrict the labor market to his home town if he shows that "light work" is required by employers there. [*Id.*]

Even where public transportation is available to jobs outside the geographical area, this does not automatically extend the labor market to include that outside area. *In re Dunn*, 131 Vt. 261, 305 A.2d 602 (1973).

The findings and conclusions below are somewhat confused. The claimant was expressly found to be available for work, and Rutland was expressly found to be her labor market area. In the words of the Board claimant had "a sincere attachment to the labor market through her other contacts within the City of Rutland, an area which provides, in significant number, the types of positions for which she was qualified." In *In re Dunn, supra*, 131 Vt. at 265, we approved again the definition of labor market set out in Freeman, *Able to Work and Available for Work*, 55 Yale L.J. 123, 124 (1945):

> Since, under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in terms of the individual. A labor market for an individual exists where there is a market for the type of services which he offers in the geographical area in which he offers them. "Market" in this sense does not mean that job vacancies must exist; the purpose of unemployment compensation is to compensate for the lack of appropriate job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them.

Without question, under this definition, Rutland qualifies as claimant's labor market area, and extending it to include Mendon without evidentiary basis was error.

■ For this reason, we do not reach what appears, at least, to be the ironclad assumption of the Board that a claimant can never refuse a referral within his labor market area because of lack of transportation and still escape disqualification. Like most generalities, so stated it is too broad in scope. In our view, like the test of availability set forth in *Dunn*, reasonableness, or what a reasonable person would be expected to do in the same circumstances, is the criterion for "good cause" in refusing a work referral or offer of employment. Hours of work may be as significant as distance of travel, and pay scale is also significant. Had this job referral been within the Rutland City labor market area, we would undoubtedly have remanded for a determination, upon the evidence, of the reasonableness of claimant's refusal of the job referral.

But, whatever the responsibility for furnishing transportation within the Rutland City area, the Board's conclusion that claimant must supply it outside that area is completely unsupportable. It cannot reasonably be said that one drawing $27.00 per week unemployment benefits must move, buy a car, or hire a cab to reach a job outside the area, seven miles distant, paying $1.50 per hour plus tips for work as a breakfast waitress.

*The order of the Employment Security Board disqualifying claimant for benefits is reversed, and the cause remanded for the award of such benefits to the claimant as she is entitled to absent such disqualification.*