Teresa M. Gasper, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 7, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Shelley A. Bould,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 30, 1979:

Teresa M. Gasper (Claimant) appeals a decision of the Unemployment Compensation Board of Review affirming a referee's denial of benefits. The compensation authorities determined that Claimant's conduct in failing to respond to a possible job opportunity showed a lack of good faith and violated Section 402(a) of the Unemployment Compensation Law (Act).[1]

We agree with the compensation authorities that Claimant's conduct in failing to make a more positive effort than a single unsuccessful return phone call, in response to a call by the Bureau of Employment Security (Bureau), was indicative of a lack of good faith consistent with a general desire to be employed. It is undeniable that good faith requires positive conduct by one seeking unemployment compensation. *Maribello Unemployment Compensation Case,* 200 Pa.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

Superior Ct. 330, 188 A.2d 861 (1963). The Bureau contacted Claimant's home on April 6, 1977, to inform her of the availability of suitable work. Claimant was not home but received word the Bureau had called. Her only attempt to contact the Bureau in response to the call was one return call the following day which, due to the Bureau representative's absence, was not completed. Claimant made no attempt to reach the Bureau on April 8, 1977, because, as she testified, she was busy completing personal Easter preparations. On April 8, 1977, the Bureau again telephoned Claimant's home to request that she report Monday, April 11, 1977. There is no competent evidence that Claimant received this message. It is clear, however, that Claimant was still on notice that the Bureau was attempting to contact her. Claimant did not report to the Bureau until receipt of a mailed advance notice of termination instructing Claimant to appear on April 14, 1977, with which she complied. On Monday, April 11, 1977, Claimant again failed to respond to the Bureau call of Wednesday, April 6, 1977. This conduct, in our judgment as well as the Board's, falls far short of good faith.

Claimant's attempt to bring these facts within *Ennis v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 344, 336 A.2d 438 (1975), is untenable. In *Ennis,* Claimant's car was disabled on the way to an interview and Claimant failed to contact the prospective employer and the Board. Judge ROGERS observed that, while there was evidence of some bad faith in failing to report the reason he missed the interview, the record as a whole should be further and more fully reviewed by the compensation authorities for existence of a lack of good faith. Here, Claimant was in complete control of her activities and chose to ignore the Bureau in deference to purely personal matters.

Finally, Claimant contends that Bureau job availability notice was insuffcient in the circumstances. This contention is meritless where, as here, Claimant actually received a Bureau message to contact it, did in fact make an attempt to contact, and clearly realized that the purpose of the contact was job-related as per her own testimony.

Accordingly, we

ORDER

AND Now, this 30th day of March, 1979, the decision of the Unemployment Compensation Board of Review, No. B-148096, denying benefits to Claimant, Teresa M. Gasper, is affirmed.