JOSEPH YADRO, Plaintiff-Appellant, *v.* WILLIAM BOWLING *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 80-183

Opinion filed December 10, 1980.

Jose Bracamonte, of Northwest Legal Services, and Robert Masur, of Legal Assistance Foundation of Chicago, both of Chicago, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Richard J. Puchalski, Special Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

In an action under the Administrative Review Act, the trial court affirmed a decision of defendant Board of Review (Board) of the Illinois Department of Labor. The Board had determined that plaintiff-claimant, Joseph Yadro, was ineligible to receive Illinois unemployment insurance benefits on the ground that he had removed himself to and remained in a locality where opportunities for work were substantially less favorable than those in the locality he had left. Ill. Rev. Stat. 1977, ch. 48, par. 420(C)(3).

On August 26, 1977, Yadro voluntarily resigned from his employment as a maintenance worker at Benefit Trust Life Insurance Company in Chicago, where he had worked since 1964. Yadro moved to Ironwood, Michigan, were he filed claims for unemployment insurance benefits under the Unemployment Insurance Act. (Ill. Rev. Stat. 1977, ch. 48, pars. 300 through 820.) On the claim forms, Yadro indicated that he was age 62; that he retired to Ironwood for the climate; that he was receiving $275 per month in social security benefits and $75 per month in military benefits. The forms reveal that Yadro applied unsuccessfully for maintenance or related positions with 10 employers in the Ironwood area. Benefit Trust filed a notice of possible ineligibility, claiming that Yadro voluntarily resigned from his job to move out of State.

On March 10, 1978, a claims adjudicator determined that Yadro had taken an early retirement and had removed himself from the active labor market; that he was unavailable for full time work as of December 25, 1977; and that he was ineligible for benefits thereafter until he requalified under the Act. Yadro filed an interstate appeal from the determination, maintaining that he retired for health reasons and that he was able to work and was seeking work in the Ironwood area.

On May 23, 1978, a hearing was conducted in Ironwood, Michigan, before a referee from the Michigan Department of Labor, acting as agent for the State of Illinois. Yadro, appearing without counsel, testified that during his employment at Benefit Trust, he performed various tasks such as maintenance worker, mailroom supervisor, chauffeur, landscaper and gardener. He retired for two reasons; air pollution in Chicago caused him to have difficulty breathing, and he was demoted from mailroom supervisor. He had not missed work because of the lung condition nor had he consulted a physician. Yadro was willing to work as a maintenance worker or truck driver, and he had been seeking such positions. He had a Michigan chauffeur's license. He sought full or part time work, placed no restrictions on hours, and was willing to work day or evening shifts. Yadro would like to earn the same wage he had received in Chicago, but would accept a lower wage in Ironwood. He was willing to travel to work, and had already sought employment in cities as far as 23 miles from Ironwood. Yadro was willing to accept the loss of social security benefits if he found satisfactory employment. At age 65 he would receive a pension from Benefit Trust.

On October 3, 1978, relying on a transcript of the Michigan proceeding, an Illinois referee affirmed the claims adjudicator's determination and denied Yadro's claim for benefits. The referee stated: "When a building maintenance man moves from Chicago to a sparsely populated resort area, he has removed himself to a lesser labor market. The presumption is that he has retired."

With the assistance of counsel, Yadro appealed this determination to the Board of Review of the Department of Labor. After the Board affirmed the decision, Yadro filed a memorandum arguing that there were reasonable prospects of employment in Ironwood. It was urged that had the referee questioned Yadro more closely, he would have discovered that Yadro had experience in the following areas: bartending, maintenance, janitorial services, gas station attendant, grocery store work, construction work, chauffeur, mining, lumber yard work, hospital orderly, general factory work, and kitchen work. In an accompanying exhibit, Yadro listed a representative sample of job advertisements found in a local newspaper, spanning a period from April 22 through December 9, 1978.

On July 3, 1979, in a reconsidered decision, the Board again affirmed the denial of benefits. The Board reasoned that the list of job ads demonstrated that job opportunities for which Yadro qualified in his present locality were sporadic at best and in some months, nonexistent. The Board observed that in the Chicago area, there were numerous employers who hire workers with Yadro's qualifications on a year-round basis. The Board found that from the evidence presented Yadro departed from a large metropolitan area to relocate in an area with substantially fewer job opportunities and a significantly less favorable job market. Accordingly, it held that Yadro was unavailable for work and thus ineligible for benefits. On December 17, 1979, the trial court found that the Board's decision was not contrary to the manifest weight of the evidence and affirmed the denial of eligibility.

On appeal Yadro initially contends that the decision of the Board is contrary to the manifest weight of the evidence. At issue is the Board's finding that Yadro was "unavailable for work" under section 500(C)(3) of the Unemployment Insurance Act. (Ill. Rev. Stat. 1979, ch. 48, par. 420(C)(3).) Section 500(C)(3) reads:

> "An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:
>
>    * * *
>
> C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work.
>
>    * * *
>
> 3. An individual shall be deemed unavailable for work if, after his separation from his most recent employing unit, he has removed himself to and remains in a locality where opportunities for work are substantially less favorable than those in the locality he has left."

Our function on review of the Board's determination of availability is limited to ascertaining whether its findings of fact are sustained by the evidence. (*Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762.) We may not substitute our own judgment nor disturb the Board's findings unless they are manifestly against the weight of the evidence or unless there is no substantial evidence in the record to support them. *Mohler v. Department of Labor; Hale v. First National Bank* (1978), 57 Ill. App. 3d 310, 372 N.E.2d 959.

The intention of the Act is to provide benefits for the unemployed person who is willing, anxious, and ready to accept suitable employment at a place where there is an available labor market. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 259 N.E.2d 257.) To be eligible for benefits, the claimant must meet certain terms and conditions prescribed by the Act, including section 500(C)(3). (*Wadlington v. Mindes.*) In Illinois, the

receipt of unemployment insurance benefits is a conditional right and the burden of proving eligibility before the Board rests with the claimant. *Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 377 N.E.2d 258; *Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 289 N.E.2d 40.

Yadro urges that he has met his burden of proof under the statute and that the Board failed to come forward with any evidence establishing his unavailability for work. He recognizes that the burden of proving availability for work rests initially with the claimant. Yadro argues, however, that section 500(C)(3) contemplates the size and character of a labor market and that knowledge of such facts is beyond the expertise of an individual claimant. Accordingly, relying on *Sanchez v. Unemployment Insurance Appeals Board* (1977), 20 Cal. 3d 55, 569 P.2d 740, 141 Cal. Rptr. 146, Yadro urges that once the claimant has made a prima facie showing of the availability of jobs in the new locale, the burden of going forward must shift to the State to refute the presumption of availability established by the claimant's testimony. In *Sanchez*, the court set aside an agency determination which had found the claimant unavailable for work because she had declined to accept weekend work. After acknowledging that the burden of proving availability is generally on the claimant, the court held that once a claimant has shown he is available for suitable work which he does not have good cause to refuse, the burden of proof on the issue of whether he is available to a "substantial field of employment" lies with the department. If the department believes the claimant is not attached to a labor market of sufficient dimension, it may be expected to explain its position and support it with evidence.

■■ Yadro had failed to cite any Illinois decision which has adopted the approach taken by the *Sanchez* court. In fact, in *Rosenbaum v. Johnson*, after citing the *Sanchez* decision for a proposition unrelated to the issue presented here, this court nevertheless stated explicitly that the claimant has the burden of establishing her availability for work as well as the other eligibility requirements contained in section 500(C)(3). We therefore hold that the burden of proving availability for work under the Act remains with the claimant.

■■ An examination of the record demonstrates that Yadro did not meet his burden of proof and that there was sufficient evidence to support the Board's finding of ineligibility for benefits. Yadro voluntarily resigned from his position in Chicago for health reasons, and relocated to Ironwood, Michigan. He contacted 10 prospective employers seeking maintenance or related work, but most indicated they were "not hiring." Testimony elicited by the referee reveals that Yadro sought employment as a maintenance worker or a truck driver. The exhibit which was purported to be a representative sample of job prospects for which Yadro was qualified listed positions such as: bus driver, bartender, salesman,

894

meat department personnel, janitor, cook, assembly worker, security officer, carpenter helper, nurses aid, and disk jockey. Even assuming Yadro qualified for these jobs, an examination of the exhibit reveals that some of the ads are repeated over several days; employment opportunities are omitted for some weeks; and the number of jobs listed for any particular day ranged from only one to 10. We therefore cannot say that the Board's finding that job opportunities in the Ironwood area were sporadic or less favorable than in Chicago is improper or incorrect. Upon review of the record, we conclude that the Board's determination that Yadro was unavailable for work under section 500(C)(3) and thus ineligible for benefits is not contrary to the manifest weight of the evidence.

Yadro next contends that, contrary to the Act, the Board invoked a per se rule of unavailability. He maintains that no evidence was introduced to rebut his showing that he was in a job market and that opportunities for work existed in Ironwood. Instead, Yadro charges, the Board denied his claim for benefits by taking judicial notice of the fact that Ironwood is a "resort town." Yadro further suggests that the Board relied upon the fact that he removed himself to a community with a smaller population than Chicago. He does not dispute the concept that judicial notice may be taken of the fact that Ironwood is smaller than Chicago and has a tourist trade. He argues, however, that these facts are unrelated to the question of whether the claimant has removed himself to a place with substantially less favorable job opportunities. Yadro suggests that the Board, by relying on these facts, applied a presumption or per se rule of unavailability.

Yadro correctly points out that Illinois courts have rejected the use of rigid or inflexible standards for determining eligibility under the Act. (See, e.g., *Wadlington v. Mindes*; *Mohler v. Department of Labor*.) What constitutes availability for work depends in part upon the facts and circumstances in each case. *Mohler v. Department of Labor*.

■■ We do not agree with Yadro's suggestion that the Board used a per se or inflexible rule in determining that he was unavailable for work under section 500(C)(3). Yadro's claim was not denied merely because he moved to a smaller "resort" community. Rather, the record reveals that in reaching its determination, the Board considered other factors such as Yadro's age, skills and work experience, his unsuccessful job contacts, and the existence and extent of prospective jobs in the area for which he was qualified. We reject Yadro's contention that the Board employed an impermissible per se rule of availability.

Yadro finally argues that he was denied a meaningful hearing in violation of his right to due process of law. He maintains that the Board, by basing its decision on judicially noticed facts and the presumptions of

unavailability without affording Yadro an opportunity for rebuttal, rendered his hearing before the referee meaningless. He further complains that the referee, by ignoring Yadro's testimony regarding job contacts and by failing to inquire about the size and condition of the labor market, refused to permit Yadro to explain or refute the evidence purportedly relied upon to deny his eligibility. We find no merit in these contentions.

A claimant is entitled to a full and impartial hearing. (*Flores v. Board of Review* (1979), 74 Ill. App. 3d 667, 393 N.E.2d 638.) The hearing must be conducted in accordance with the fundamental rights of procedural due process. (*Angelo v. Board of Review* (1978), 58 Ill. App. 3d 50, 373 N.E.2d 858.) Moreover, the referee has a duty to afford the claimant an adequate opportunity to present evidence in support of his claim. *Flores v. Board of Review.*

■■ Nothing in the record suggests that the referee or the Board ignored Yadro's testimony or precluded him from introducing further testimony, empirical data, or other evidence to support his claim for benefits or to refuse evidence unfavorable to him. The referee questioned Yadro fully and at the conclusion of the hearing inquired whether Yadro had anything to add. Moreover, in his appeal to the Board Yadro was assisted by counsel and submitted a memorandum and accompanying exhibits containing additional evidence. We conclude that the Board provided Yadro with a fair hearing in accordance with his fundamental constitutional rights of due process.

For the aforementioned reasons, the judgment of the circuit court of Cook County affirming the agency decision is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.