GLEN BEHLING, Plaintiff-Appellee, v. THE DEPARTMENT OF LABOR
*et al.,* Defendants-Appellants (Burns International Security Services, Inc.,
Defendant).

First District (3rd Division)   No. 86—1060

Opinion filed June 8, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellants.

Mary Elizabeth Krick, of Rockford, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Illinois Department of Labor (Department), appeals from a judgment of the trial court in favor of plaintiff, Glen Behling. On appeal, defendant argues that: (1) the dismissal for want of prosecution of Behling's original action divested the circuit court of jurisdiction to entertain an action for administrative review when that action was refiled within one year of dismissal of the original action but more than 35 days from the Department's decision and (2) the trial court erred in reversing the decision of the Board of Review to impose on Behling a disqualification under section 603 of the Illinois Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 433). We affirm.

Behling was employed by Burns as a full-time security guard for approximately 3½ years. As a security guard for Burns, Behling was assigned to work at Warner Brake and Electric in Beloit, Wisconsin. When Burns terminated its security agreement with Warner Brake and Electric, Behling was laid off. Following his layoff, Behling applied for unemployment insurance benefits. However, Behling's re-

quest for benefits was denied by the claims adjudicator at the local unemployment insurance office. The claims adjudicator's reason for denying Behling benefits was that under section 603 of the Act, benefits are to be denied if an employee refuses an offer of work from the former employer and that refusal is without good cause. Ill. Rev. Stat. 1985, ch. 48, par. 433.

Behling appealed the claims adjudicator's decision and requested a hearing with the Board of Review. In the hearing, alleging that Behling had refused work offered by Burns, Burns urged the Board of Review to affirm the decision of the claims adjudicator. Burns stated that it had offered Behling work at one jobsite, but Behling refused because he did not have transportation to that jobsite. Burns further stated that it offered Behling work on holidays and part time at another jobsite, Beloit Power System. This work, according to Burns, was offered "during Thanksgiving, Christmas, two weeks during the summer shift hours and so on." However, Burns did not state what the terms and conditions of the job at Beloit were with respect to the hours, rate of pay, benefits, supervision, job duties or type of work.

Behling acknowledged that Burns had mentioned possible employment positions to him, but stated that he could not ascertain the specific terms of the job offers. These terms included what the hours were, what shifts were to be worked, how many days were involved and how the work would affect his unemployment status. There was evidence that the plant at which full-time employment was allegedly available was approximately five miles from Behling's residence. There was no public transportation from Behling's home to this jobsite, and Behling had no means of private transportation.

Following the hearing, the Board of Review affirmed the decision of the claims adjudicator. Within 35 days, Behling filed for administrative review of the Board of Review's decision in the circuit court of Cook County. However, Behling's complaint was dismissed for want of prosecution without notice to either Behling or the Department. Both Behling and the Department were ready to proceed with oral arguments when it was discovered from the court file that the case had in fact been dismissed. Thereafter, the court denied Behling's motion to reinstate the original action. Thus, Behling refiled his action pursuant to section 13–217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13–217).

Upon review of Behling's case, the court denied the Department's motion to dismiss and reversed the decision of the Board of Review's referee. The court found that based upon the transcript and the evidence before it, no definite offer of employment was made by the em-

ployer, and even assuming that one had been, the employment offered was unsuitable under the Act. This appeal followed.

Department first argues that when the court dismissed Behling's first action for want of prosecution, the circuit court lost jurisdiction to entertain an administrative review action that was refiled more than 35 days from the Department's decision. To support this position, the Department argues that section 13—217, which grants plaintiffs the right to refile within one year following dismissal of their cases for want of prosecution, does not extend the special and limited jurisdiction conferred on the circuit court to review an administrative decision. (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) We disagree.

■ Section 3—103 provides in part:

"Commencement of action. Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.)

Furthermore, section 13—217 provides:

"Reversal or dismissal. In the actions specified in Article XIII of this Act *or any other act* or contract where the time for commencing an action is limited, if *** the action is *** dismissed for want of prosecution ***, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, *** after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution ***." Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

Prior to 1959, section 24 of the Limitations Act (Ill. Rev. Stat. 1957, ch. 83, par. 24a) provided that a plaintiff who had been dismissed for want of prosecution "[i]n any of the actions specified in any of the sections of this act" could file a new action within one year after being nonsuited. This section was amended in 1959. The amendment provided expanded coverage of the right to refile within one year to not just sections of this act, but to "any other act or contract where the time for commencing an action is limited." (Ill. Rev. Stat. 1985, ch. 110, par. 13—217.) In *Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 48, 203 N.E.2d 415, 419, our supreme court stated that the obvious purpose of section 24 "is to facilitate the disposition of litigation upon the merits and to avoid its frustration upon grounds that are unrelated to the merits." In extending this rationale

to dismissals, the court stated that it would be illogical to presume that the legislature meant to prevent hardship in the case of a nonsuit and not prevent hardship in a case of dismissal for lack of jurisdiction. The court concluded that no other intelligible or logical meaning could be attributed to the language added by the 1959 amendment, "or any other act," than that the legislature was expanding the benefit of section 24 to all civil actions authorized by any statute where the time for commencement of the action was limited.

In the instant case, Behling filed his action for administrative review within the 35-day time period, thereby vesting the circuit court with jurisdiction to hear his case. However, without notice to either Behling or Department, the case was dismissed for want of prosecution. When the case was dismissed, Department had not filed its answer. In fact, Department's answer was filed on the day the case was dismissed. Counsel for both parties were in court and ready to begin oral arguments when it was discovered from the court file that the case had been dismissed. When the court would not reinstate Behling's original action, Behling refiled under the provisions of section 13—217. Upon review of Behling's case on the merits, the court found that he was entitled to prevail on his claim. We cannot say that on these facts, the circuit court erred in allowing Behling to refile under section 13—217. To the contrary, several cases have sanctioned refiling of administrative review actions under section 13—217 following dismissal: *Moody's Investors Service, Inc. v. Department of Revenue* (1984), 101 Ill. 2d 291, 461 N.E.2d 972, *Bruer v. Livingston County Board of Zoning Appeals* (1978), 66 Ill. App. 3d 938, 383 N.E.2d 1016, and *O'Hare International Bank v. Zoning Board of Appeals* (1976), 37 Ill. App. 3d 1037, 347 N.E.2d 440.

Department relies upon *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893, to support its position that the "special nature of the time limitation in the Administrative Review Act" does not allow for refiling of a complaint in spite of the express provisions of section 13—217. However, the *Fredman Brothers* case is clearly distinguishable from the case at bar. In *Fredman Brothers,* the plaintiff did not file its original complaint within the 35-day requirement of the Administrative Review Act. Thus, the issue before the *Fredman Brothers* court was whether the circuit court properly dismissed plaintiff's cause of action for lack of subject matter jurisdiction. (109 Ill. 2d at 208-09, 486 N.E.2d at 895.) In its analysis, the *Fredman Brothers* court did not address or discuss section 13—217. Therefore, Department's reliance upon this case is misplaced, and in the absence of authority to the contrary, Depart-

ment's argument that the circuit court erred in allowing Behling to refile his complaint under section 13—217 must fail.

■ Department next argues that the trial court erred in reversing the decision of the Board of Review to impose on Behling a disqualification under section 603 of the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1985, ch. 48, par. 433). We disagree.

Section 603 provides in pertinent part:

"Refusal of work. An individual shall be ineligible for benefits if he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the Director, or to accept suitable work when offered him by the employment office ***.

In determining whether or not any work is suitable for an individual, consideration shall be given to *** his experience and prior earnings, his length of unemployment ***, and the distance of the available work from his residence." Ill. Rev. Stat. 1985, ch. 48, par. 433.

■ In reviewing the Board of Review's determination, we are limited to ascertaining whether its decision is sustained by the evidence. (*Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 892, 414 N.E.2d 1244, 1247.) The Board of Review's findings concerning factual questions are *prima facie* true and correct, and its decision should not be disturbed on review unless that decision is contrary to the manifest weight of the evidence. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) A finding is deemed against the manifest weight of the evidence if an opposite conclusion is clearly evident. *Doran v. Department of Labor* (1983), 116 Ill. App. 3d 471, 474, 452 N.E.2d 118, 121.

■ Depending upon the circumstances of each case, however, a claimant is justified in refusing employment where the job entails a level of skill and rate of pay not commensurate with that claimant's previous employment. (*Mangan v. Bernardi* (1985), 131 Ill. App. 3d 1081, 1084, 477 N.E.2d 13, 16.) The circumstances which would support a justifiable refusal of work must be real, substantial and reasonable, and not arbitrary, immaterial or capricious. (*Thompson v. Board of Review* (1983), 120 Ill. App. 3d 1, 3, 457 N.E.2d 512, 514.) Moreover, a claimant's behavior should manifest good faith consistent with a general desire to be employed.

■ It has been held that where the job offered is unskilled and the claimant is skilled, and there is a substantial reduction in pay, refusal of work is justified under section 603. (*Keystone Steel & Wire Division, Keystone Consolidated Industries v. Department of Labor* (1976), 37 Ill. App. 3d 704, 346 N.E.2d 399; *Komarec v. Illinois De-*

*partment of Labor* (1986), 144 Ill. App. 3d 1105, 494 N.E.2d 1257.) Here, however, the information and details of the job were so sketchy and almost nonexistent that Behling could not have been, based upon his qualifications and experience, expected to accept the work as suitable. At no time during the hearing did Burns testify as to the rate of pay, benefits, supervision, job duties or type of work that Behling would be required to perform. Behling himself testified that he was unsuccessful in ascertaining the specifics of the work offered. Moreover, the evidence of the hearing revealed that the only full-time work offered to Behling was approximately five miles from his home. Behling did not have a means of personal transportation nor was there a public transportation system which could service Behling's needs.

Based upon this evidence, we conclude that the trial court properly found that no definite offer of employment had been made, and even assuming that one had, it was unsuitable within the meaning of section 603. We believe that the Department's decision was against the manifest weight of the evidence and the trial court was correct in reversing that decision.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.