JEAN ROSENBAUM, Plaintiff-Appellant, *v.* DONALD A. JOHNSON, Director, Illinois Department of Labor, Defendant-Appellee.

First District (2nd Division)    No. 77-1466

Opinion filed May 23, 1978.—Rehearing denied June 15, 1978.

Jean Rosenbaum, of Chicago, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago (Joseph D. Deenan, III, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This is an administrative review action (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*). Plaintiff appeals from the judgment of the circuit court of Cook County which affirmed the decision of the Board of Review of the Illinois Department of Labor, which denied plaintiff's application for benefits under the Unemployment Insurance Act (Ill. Rev. Stat. 1975, ch. 48, par. 300 *et seq.*). The thrust of plaintiff's contentions concerns the proper interpretation of section 500(C) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 420(C)) which provides:

"*Eligibility for benefits.* An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:

\* \* \*

C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work."

On May 16, 1976, plaintiff filed a claim for unemployment compensation. The claims adjudicator determined that based on wages for insured work which she performed as an employee of the State of Illinois, she would be entitled, if eligible, to a weekly benefit of $54, and a maximum benefit of $1404 during the benefit year. On June 22, 1976, the claims adjudicator determined that plaintiff was ineligible for benefits for each week after May 16, 1976, based on her unwillingness to seek full-time work, her expressed position being that she was willing to work three days per week.

Plaintiff appealed this decision to the referee, who held an evidentiary hearing at which the following evidence was adduced. Plaintiff last worked for a local State office of unemployment compensation on a part-time basis for approximately five years. During this period she also worked as a substitute teacher for the Chicago Board of Education. She took a leave of absence from the Board of Education in November 1975, due to her being attacked. In March of 1976, she took a leave of absence from her State job due to illness. When she was ready to return to work, a director in the agency told her that she could be hired only on a full-time basis. Due to her illness she refused this offer, but expressed her willingness to work three days per week. Subsequently, she was placed on a "nonscheduled work week."

Plaintiff testified that at the time she originally applied for benefits to the time of the hearing, her health permitted her to work a maximum of three days per week. She claimed that she suffered from a heart condition and a total loss of hearing in one ear. She suggested that her hearing loss was job related. Alleged substantiation for these ailments appeared in her brief but were not made part of the administrative record.

At the conclusion of the hearing, the Referee found that plaintiff was ineligible for benefits for the period from May 16, 1976, to June 19, 1976, because she was not available for full-time work. Plaintiff appealed this decision to the Board of Review which affirmed the referee's decision. It found that eligibility requires that a person be "genuinely attached to the labor force, that is, ready, willing and able to accept regular, full-time employment which he has reasonable prospects of obtaining." After her petition for rehearing was denied, plaintiff commenced an administrative review action. Following a hearing in the circuit court, the decision of the Board of Review was affirmed.

At the outset we note that the claims adjudicator found that plaintiff had "good cause" for voluntarily leaving her State job, and this finding has not been challenged. Furthermore, the computation of plaintiff's benefits was based solely on her State employment. Her job as a substitute teacher was not insured work which would form the basis of benefits. Finally, plaintiff fully presented her arguments to the referee and the Board of Review that the Unemployment Insurance Act contemplated benefits for part-time workers.

Plaintiff contends that certain sections of the Unemployment Insurance Act provide for benefits to a claimant who is only available for part-time work.[1] She refers to section 603 (Ill. Rev. Stat. 1975, ch. 48, par. 433) among others. Section 603 provides for certain situations where a claimant, presumably eligible, will be temporarily disqualified from receiving benefits. It provides in pertinent part:

"An individual shall be ineligible for benefits if he has failed, without good cause, * * * to accept suitable work when offered him by the employment office or an employing unit,* * *.

In determining whether or not any work is suitable for an individual, consideration shall be given to the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

Plaintiff argues that this section, read in conjunction with section 420(C), supports her position.

In *Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762, the Illinois Supreme Court construed the provision in the previously enacted statute which was similar to section 420(C). The court held:

"* * * [N]o hard-and-fast rule as to what constitutes availability for work can be adopted; * * * availability depends in part on the facts and circumstances in each case, and * * * in general the availability requirement of the statutes is satisfied where a worker is ready and willing to accept suitable work at a point where there is an available labor market, which work he does not have good cause to refuse." 409 Ill. 79, 83.

This rule was reaffirmed in *Stricklin v. Annunzio* (1952), 413 Ill. 324, 109 N.E.2d 183. Nearly 20 years after *Mohler*, the court in *Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 453-454, 259 N.E.2d 257, referring to section

---

[1] Ill. Rev. Stat. 1975, ch. 48, par. 407 defines "part-time worker" as "an individual whose normal work is in an occupation in which his services are not required for the customary scheduled full time hours or days prevailing in the establishment in which he is employed or who, owing to personal circumstances does not customarily work the customary scheduled full time hours or days prevailing in the establishment in which he is employed."

420(C), stated "The intention of the act is to provide benefits for the unemployed person who is willing, anxious, and ready to accept suitable work at a point where there is an available labor market."

■■ The Director concedes that the Unemployment Insurance Act does not specifically state that an applicant be available for full-time employment to be eligible for benefits. He argues that the Department of Labor has long construed section 420(C) to require full-time availability and that this interpretation is entitled to great weight. It is correct that when an agency which is charged with the administration of a legislative program has long construed a statute in a particular way, that construction is entitled to great weight by a reviewing court. (*Knight v. Chicago & North Western Ry. Co.* (1954), 3 Ill. App. 2d 502, 123 N.E.2d 128.) On the other hand, an erroneous construction of a statute by an administrative agency is not binding. *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 335 N.E.2d 600.

■■ We believe that this case must be remanded to the Department of Labor for further consideration because it is apparent that the administrative agency ruled that because plaintiff was available only for part-time employment, she was ineligible *per se*. This inflexible, administrative interpretation of section 420(C) to require full-time availability in all cases clashes with the standard the supreme court set out in *Mohler*. The administrative agency never determined that full-time work was suitable work which plaintiff lacked good cause to refuse. (See *Sanchez v. Unemployment Insurance Appeals Board* (1977), 20 Cal. 3d 55, 569 P.2d 740, 141 Cal. Rptr. 146.) Nor did it determine that a labor market for the services which plaintiff was willing to provide was unavailable. (See *Myers v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review* (1975), 17 Pa. Commw. Ct. 281, 330 A. 2d 886; *Industrial Com. v. Redmond* (1973), 183 Colo. 14, 514 P.2d 623.) Even though a claimant's physical condition may prevent her from continuing at her present employment, a labor market may exist for the type of work which she is able to do and for which she is available. *John S. Barnes Corp. v. Board of Review* (1965), 55 Ill. App. 2d 102, 204 N.E.2d 20.

■■ The phrase "available for work" is designed to test the current labor force attachment of the claimant. (*Mohler v. Department of Labor.*) The question to be resolved in this case is whether the claimant has, through the imposition of conditions, so limited her availability as to effectively remove herself from the labor market. Of course, we realize that in many cases a claimant who restricts himself to part-time work may be ineligible. We further surmise that certain cases may arise where a claimant so unreasonably restricts his availability that there can be no doubt that he is not attached to the labor force in a meaningful way. In

such cases, a claimant may be deemed unavailable as a matter of law. (*Unemployment Compensation Board of Review v. Wilson* (1976), 24 Pa. Commw. Ct. 21, 354 A. 2d 260; see *Rubin v. Levine* (1975), 50 App. Div. 2d 956, 376 N.Y.S. 2d 30.) However, this is not such a case. We do not think that the conditions which plaintiff has imposed render her unavailable as a matter of law.

We further point out that the burden of proving eligibility before the Unemployment Compensation Division rests with the claimant. (See *Brown v. Board of Review* (1972), 8 Ill. App. 3d 19, 289 N.E.2d 40.) On remand, plaintiff will have the burden of establishing her availability for work as well as the other eligibility requirements contained in section 420(C).

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

DOWNING and PERLIN, JJ., concur.