597 P.2d 37

P. Ellen HOWARD, Claimant-Appellant,

v.

DEPARTMENT OF EMPLOYMENT,
Defendant-Respondent.

No. 12988.

Supreme Court of Idaho.

July 2, 1979.

Ronald R. Rowland, Pocatello, for claimant-appellant.

R. LaVar Marsh, Roger B. Madsen, Deputy Attys. Gen., Boise, for defendant-respondent.

SWANSTROM, Justice, Pro Tem.

Between August 1976 and August 1977, appellant Howard held four successive jobs. The first one of these jobs lasted two months and consisted of part-time work in a restaurant. Appellant then worked for Amcor, Inc., of Pocatello for about three months until she was discharged from that employment. Ms. Howard then obtained a temporary Comprehensive Employment and Training Act (CETA) position at a senior citizens center as an assistant to the activities director. This job-trainee position lasted about a month. Appellant then went to work in another temporary CETA program at the Bannock County Nursing Home as an assistant to the activities director there. This job lasted four months and ended on August 15, 1977. Appellant's earnings as an assistant activities director averaged $75.00 per week.

From August 16th, to August 25th, 1977, claimant was unemployed. She wanted to get a permanent position as an activities director, but she was seeking whatever work might be available to her. On August 18th, 1977, she filed her claim with the Department of Employment for unemployment benefits.

On Friday, August 26th, 1977, appellant found work with Radio Station KSNN, Pocatello, as a part-time temporary employee engaged in telephone solicitation sales work. Ms. Howard testified that none of the solicitors worked on Monday, August 29th. She worked Tuesday and Wednesday. On Thursday, September 1, appellant "called in ill" and did not work that day. If she·had not been sick she would have worked. Appellant did work Friday, September 2nd. In this week ending Saturday, September 3, she worked an average of five hours per day at $2.30 per hour, earning a total of $43.70.

Appellant's claim for benefits for the week ending September 3rd were denied on the grounds that appellant was not available for work during the whole of that week, as required by I.C. § 72–1366(d). It is admitted that if Ms. Howard had not been prevented from working on Thursday, September 1, because of her illness, she would have been entitled to draw partial unemployment benefits for that work week even though she had worked Tuesday, Wednesday and Friday. See I.C. §§ 72–1312(b)(4) and 72–1367(d).

Claimant appealed the decision denying her claim and had a hearing before the Appeals Examiner. The decision of the Appeals Examiner was also adverse to claimant and she appealed that decision to the Industrial Commission which assigned the matter to a Referee. Ms. Howard attended a hearing before the Referee and presented additional oral testimony to supplement the record of proceedings before the Appeals Examiner. Following this hearing the Commission entered its findings of fact, conclusions of law and order which again denied appellant's claim; she then appealed to this Court.

The issue is whether or not claimant met the eligibility conditions set forth in I.C. § 72–1366(d) for the week ending September 3, 1977. As part of that issue there is the question whether the part-time solicitation work which claimant obtained with station KSNN was "suitable work" within the meaning of that term as it is used in I.C. § 72–1366(d) and (g).

The applicable provisions of those code sections are as follows:

"72–1366. Personal eligibility conditions. —The personal eligibility conditions of a benefit claimant are that—

"(d) During the whole of any week with respect to which he claims benefits . . . he was able to work, available for suitable work, and seeking work; . . . and provided, that no claimant shall be considered ineligible in any week of un-

employment . . . if such failure is due to an illness or disability which occurs after he has filed a claim and registered for work and no suitable work has been available for him after the beginning of such illness or disability . . . ."

"(g) In determining . . . . whether or not work is suitable for an individual, the degree of risk involved to his health, safety, morals, his physical fitness, experience, training, past earnings, length of unemployment and prospects for obtaining local employment in his customary occupation, the distance of the work from his residence, and other pertinent factors shall be considered. . . ."

The Industrial Commission found that claimant was not eligible for benefits for the week ending September 3, 1977, because her illness on Thursday, September 1, prevented her from being available for work on that date. The Commission concluded that the part-time radio solicitation work was "suitable work" for claimant; that such work was available to her "after the beginning of such illness" and therefore claimant did not come within the exception of I.C. § 72–1366(d).

Appellant contends that the Industrial Commission's interpretation of I.C. § 72–1366(d) is too restrictive, and is contrary to the overall policy of the Act. Appellant contends that such interpretation discourages the unemployed person from seeking other work, especially work of a temporary "stop-gap" nature. We disagree.

■ Appellant's claim for benefits for the week ending September 3, 1977, was denied, not because claimant worked part of the week, but because she was not available for work the whole of the week. Being available for work the whole of the week has always been a requirement for benefits since the Act was adopted in 1947. I.C. § 72–1366 has been amended seventeen times since 1947, and certain exceptions to the requirement of availability for work have been added, but the exception permitted in the case of illness has never been amended to make it more liberal in scope.

It is our opinion that the Commission was correct in its conclusion expressed as follows:

". . . while it might seem more just to allow the claimant to receive the level of benefits that she would have received had she done all of the suitable work available during her illness, this was not the exception which was enacted by the legislature. The legislature could have enacted the harsh rule without any exceptions, and it is therefore entitled to limit the exceptions. Because the claimant did not fall within an exception, the claimant was not available for work during the whole of the week ending September 3, 1977, and she is not eligible for benefits for that week."

It is well settled that the burden of proving and establishing statutory eligibility for unemployment benefits rests with a claimant. *Pyeatt v. Idaho State University*, 98 Idaho 424, 565 P.2d 1381 (1977).

Finally, claimant contends that the part-time radio solicitation work was not "suitable" for her.

Claimant found and took such work on her own initiative, voluntarily. Claimant had the burden of proving the work was not suitable, and she concedes that the fact that it was only temporary in nature does not make it unsuitable.

■ The record shows the Industrial Commission adequately considered the factors set forth in I.C. § 72–1366(g) in determining whether such work was suitable work for claimant. Considering claimant's prior employment history, experience and training, the Commission correctly concluded that the work was suitable as a temporary, part-time job for claimant. The Industrial Commission's order denying appellant's claim for benefits is therefore affirmed.

SHEPARD, C. J., DONALDSON and BISTLINE, JJ., and THOMAS, J., Pro Tem, concur.