ROBERTSON, Presiding Judge.
Wilson Crawford, Jr. was employed as a fork lift operator at Bruno’s Food Stores, *888 Inc., until his dismissal on August 10, 1989. The documented reason for his dismissal was for Crawford’s using threatening and abusive language toward a supervisor.
Crawford filed a claim for unemployment compensation benefits on August 16, 1989. His claim for benefits was denied at each level of the administrative process, and he ultimately appealed his denial of benefits to the Circuit Court of Jefferson County, where a trial de novo was held.
Following Crawford’s trial de novo, the court awarded him unemployment compensation for twenty-one of the twenty-five weeks for which he had requested benefits. The Department of Industrial Relations (DIR) then filed a motion for reconsideration and/or a new trial, alleging: (1) that Crawford sought only temporary, casual employment during the time in which he sought unemployment benefits; (2) that Crawford failed to comply with the mandate of § 25-4-77, Code 1975, which requires that a claimant for benefits make a reasonable and active effort to secure work that he is qualified to perform based on his past training and experience; and (8) that the wages Crawford received from his odd jobs must be deducted from the benefits paid pursuant to § 25-4-73, Code 1975.
The trial court denied DIR’s request for posttrial relief, except for that part of DIR’s request asking for a deduction in unemployment benefits in an amount equal to the amount of wages earned by Crawford.
DIR appeals and asserts that the claimant did not make a reasonable and active effort to secure work that he was qualified to perform by past experience and training as required under § 25-4-77, Code 1975, and DIR Rules 480-4-.15(2) and -.15(3).
Crawford’s testimony at trial concerning his efforts to secure employment was that while he was laid off he “didn’t look too much” for work. Instead, he testified that “I just found me odd jobs to keep money in my pocket.” When asked whether he sought full-time work during the time he requested unemployment benefits, Crawford testified that “I found work every day, but it wasn’t no full-time work. I cut grass to keep money in my pocket.” Crawford later testified that sometimes it would be two or three days before he found another “odd job.” Crawford did testify that one time he went to a temporary agency because the agency was hiring forklift operators. However, he testified that when he got there, he found out the hiring was for Bruno’s Food Stores, Inc.
Following Crawford’s testimony, DIR pointed out to the court that the law requires a person to look for suitable employment during the period for which he seeks benefits. The court, however, stated that if DIR was attempting to make a motion to dismiss, then that motion was denied.
There was no dispute as to the facts surrounding Crawford’s efforts to secure employment. Instead, the trial court made an interpretation as to whether those efforts complied with the requirements of § 25-4-77(a)(5), Code 1975. Because the trial court’s interpretation of the requirements of § 25-4-77(a)(5), Code 1975, is a question of law, it is not entitled to any presumption of correctness on appeal. Donnelly v. Doak, 346 So.2d 414 (Ala.1977). Further, where the evidence before the trial court concerning Crawford’s efforts to seek full-time employment is undisputed, the ore tenus rule does not apply. Stiles v. Brown, 380 So.2d 792 (Ala.1980).
Section 25-4-77(a)(5), Code 1975, provides:
“An unemployed individual shall be eligible to receive benefits [if] ... [h]e has made a reasonable and active effort to secure work which he is qualified to perform by past experience and training....”
Further, DIR’s Rule 480-4-3-15(3) provides that:
“The claimant [for unemployment compensation benefits] must be actively seeking, available for and willing to accept work during the full-time hours and full work week and for the shifts normally worked in the trade or industry for which he/she is qualified by experience or training. The requirements cannot be *889 met by being available for part-time work only.”
In this case, the claimant’s own testimony was that he was not looking for full-time work, but that he was just looking for odd jobs. This does not satisfy the statutory requirements. Consequently, the judgment of the trial court is due to be reversed, and this case is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.