RICHARD L. HOLMES, Retired Appellate Judge.
This is an unemployment compensation benefits ease.
The State Department of Industrial Relations (Department) appeals from the trial court’s determination that Marilyn J. Wilson (employee) was entitled to unemployment compensation benefits in the amount of $988.
*231 On appeal the Department contends that the trial court committed reversible error when it determined that the employee was entitled to unemployment compensation benefits because, it says, during the period in which the employee was unemployed, she sought only part-time employment, not full-time employment. See Allen v. Crawford, 591 So.2d 887 (Ala.Civ.App.1991).
Our review of the record reveals "the following pertinent facts: The employee worked part-time (from 8:00 a.m. to 1:00 p.m. each day, for a total of twenty-five hours per week) for Sears in its catalog sales division. She answered the telephone, assisted the customers with their catalog orders, and recorded the catalog orders into the computer.
In 1993 Sears phased out its catalog sales division, and there was a period of transition. The employee testified that she was unemployed from June 18, 1993, until September 14, 1993, when Sears recalled her to work. The employee testified that she was available for work during the entire period of her unemployment.
We would note that the employee testified to the following, in pertinent part:
“[EMPLOYEE’S ATTORNEY]: You were available and were you searching for work, actively searching for work?
“[EMPLOYEE]: Well, not really, because they had assured [me] that, you know, that as soon as they got — because what I done I called them periodically to see if they had a schedule for me.
“[EMPLOYEE’S ATTORNEY]: When you say periodically, what do you mean?
“[EMPLOYEE]: Maybe like once a week I would call them to see if they had anything available for me....
[[Image here]]
“[EMPLOYEE’S' ATTORNEY]: Well, apparently, if I understand you correctly, the seven [a.m.] to eleven [a.m. shift] was the only shift that would not accommodate you?
“[EMPLOYEE]: Right, that would not accommodate me.
“[EMPLOYEE’S ATTORNEY]: And you could have worked eight to one?
“[EMPLOYEE]: Yes.
[EMPLOYEE’S ATTORNEY]: Like you had been?
“[EMPLOYEE]: Right. .
“[EMPLOYEE’S ATTORNEY]: And, in fact, you could have ivorked any other shift; could you not have ?
“[EMPLOYEE]: If it ivas after school hours.
“[EMPLOYEE’S ATTORNEY]: Right.
“[EMPLOYEE]: Because I didn’t have anybody to keep my kids, pick them up and take them [to school and day care] before that time.
[[Image here]]
“[EMPLOYEE’S ATTORNEY]: And you were Ultimately recalled 9-14-93?
“[EMPLOYEE]: Yes, sir. .
“[EMPLOYEE’S ATTORNEY]: And during the interim period, if I understand your testimony correctly, is that you still considered yourself to be employed by Sears, but you were simply waiting to be recalled?
“[EMPLOYEE]:’ Yes, sir.
[[Image here]]
“[EMPLOYEE’S ATTORNEY]: And each week you had to fill out a card; did you not?
“[EMPLOYEE]: Yes, sir.
“[EMPLOYEE’S ATTORNEY]: To send to the Alabama Employment Service?
“[EMPLOYEE]: Yes, sir.
“[EMPLOYEE’S ATTORNEY]: To let them know, one, you were available for work; and number two, you were actively seeking alternate employment?
“[EMPLOYEE]: Yes, sir. ' '
“[EMPLOYEE’S ATTORNEY]: And did you do so?
“[EMPLOYEE]: Yeah, because I had to in order to be available for it.
“[EMPLOYEE’S ATTORNEY]: All right. And when you sent in those cards, I assume you were truthful in what you put on those cards?
“[EMPLOYEE]: Yes, sir.
“[EMPLOYEE’S ATTORNEY]: That you were available and actively seeking?
*232 “[EMPLOYEE]: Yes, sir.
[[Image here]]
“[DEPARTMENT’S ATTORNEY]: Now, Ms. Wilson, I believe you said you left in June and went back in September?
“[EMPLOYEE]: Yes, sir.
“[DEPARTMENT’S ATTORNEY]: And during that period, I believe you said you didn’t look for work because you were on call; were you not?
“[EMPLOYEE]: Well, I wasn’t on call, but when I left there, they assured me that, you know, that they were going to, you know, get a schedule to accommodate me and they would be calling me back. So since that particular job from the shift from eight to one, that’s why I came there from the beginning, that accommodated me because it was convenient for me at the time that I had young kids.
“[DEPARTMENT’S ATTORNEY]: Okay. So you were just waiting to hear from them?
“[EMPLOYEE]: Yes, sir, but I had, you know, I had to go out and seek employment in order to be eligible for unemployment.
“[DEPARTMENT’S ATTORNEY]: What kind of work were you seeking?
“[EMPLOYEE]: I applied a lot of places.
“[DEPARTMENT’S ATTORNEY]: What hours could you work?
“[EMPLOYEE]: Well, like I say, it had to be sometimes like after seven where I could get to work after I got my kids off to school and into day care.
“[DEPARTMENT’S ATTORNEY]: Okay. And until what time?
“[EMPLOYEE]: Well, I needed to be free in order to pick them up.
“[DEPARTMENT’S ATTORNEY]: So what time would that be?
“[EMPLOYEE]: Probably like 2:45, between 2:45 and 3.
“[DEPARTMENT’S ATTORNEY]: So 2:45. So let me ask you something. Apparently you had to work part time to meet these hours. Now, is this the only support you had?
“[EMPLOYEE]: Yes, sir.
[[Image here]]
“[DEPARTMENT’S ATTORNEY]: Now, during this time you were looking for work, what work did you look for again?
“[EMPLOYEE]: I applied for various.
“[DEPARTMENT’S ATTORNEY]: Various part time work?
“[EMPLOYEE]: Uh-huh.
“[DEPARTMENT’S ATTORNEY]: You didn’t find any [in] all these weeks?
“[EMPLOYEE]: No.”
(Emphasis added.)
In Allen, 591 So.2d at 889, this court, after quoting Ala.Code 1975, § 25-4-77(a)(5), and Department Rule 480-4-3-15(3), stated the following, in pertinent part:
“In this case, the claimant’s own testimony was that he was not looking for full-time work, but that he was just looking for odd jobs. This does not satisfy the statutory requirements.”
(Emphasis added.)
In light of the employee’s testimony, as noted above, regarding the hours that she could work, and this court’s statements in Allen, 591 So.2d 887, the trial court’s judgment is due to be reversed and the cause remanded for entry of a judgment consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the Judges concur.