1998 ND APP 14

**Arnold BECK, Petitioner and Appellant,**

v.

**JOB SERVICE NORTH DAKOTA, Respondent and Appellee.**

**Civil No. 980115CA.**

Court of Appeals of North Dakota.

Nov. 13, 1998.

Richard R. LeMay, of Legal Assistance of North Dakota, Inc., Minot, for petitioner and appellant.

Douglas A. Bahr, Assistant Attorney General, Bismarck, for respondent and appellee.

HAGERTY, District Judge.

[¶ 1] Arnold Beck appealed from a judgment affirming Job Service North Dakota's decision he was not entitled to unemployment benefits. We reverse the judgment and remand to Job Service for a determination of benefits.

[¶ 2] Beck worked more than two years for City Laundry Cleaners of Minot ("Cleaners")

as a van driver and a part-time custodian. He worked split shifts driving a delivery van during the day on Monday through Friday, and he performed custodial duties on Monday and Wednesday evenings from 5 p.m. to 6 p.m. Beck worked about 30 hours per week. He had a back injury that limited his work, and he ultimately left both jobs. Beck's last day of driving the delivery van was August 29, 1997, and his last day of providing custodial services was September 29, 1997. After Beck left Cleaners, he began looking for other employment. His job search was limited to light and sedentary work, because his doctor advised him to be careful bending and lifting and to avoid prolonged sitting.

[¶ 3] Beck filed a claim for unemployment benefits on September 2, 1997. Job Service made an initial determination Beck was disqualified from receiving benefits, because he voluntarily quit work due to illness or injury without a physician's order or notifying his employer and without offering his services to his employer when he became able to work. In a separate initial determination, Job Service found Beck ineligible for benefits because he was not able to work when he filed his claim.

[¶ 4] Beck appealed both decisions and requested a hearing. A hearing was conducted by a Job Service appeals referee on October 14, 1997. The referee found Beck did not leave his employment for disqualifying reasons and he therefore was entitled to unemployment benefits provided he met, and continued to meet, all other eligibility requirements. The referee decided, however, Beck was ineligible for unemployment benefits under N.D.C.C. § 52–06–01(3), because he was not able to work when he filed his claim. The referee found:

> To be eligible for unemployment benefits, a claimant must be able to work, available for work, and actively seeking work in accordance with Law Section 52–06–01, Subsection 3.

> The claimant is able to work only part time. Therefore, he is not meeting all the eligibility conditions cited in the above law section. Accordingly, the claimant is not entitled to job insurance benefits....

[¶ 5] Beck requested administrative review of the referee's decision he was not able to work when he filed his claim. Job Service affirmed the referee's decision. Beck petitioned for judicial review. The district court affirmed Job Service's decision. Beck appealed.

[¶ 6] This appeal deals only with the issue of whether Beck was able to work and was therefore eligible for benefits when he filed his claim. Beck asserts Job Service erred in concluding he could only be eligible for unemployment benefits if he was capable of working full-time. Beck argues N.D.C.C. § 52–06–01(3) only requires an applicant be able to work and does not require ability to work full-time.

[¶ 7] When reviewing a denial of eligibility for unemployment benefits, we review the decision of Job Service, not the decision of the district court. *See Carlson v. Job Serv. N.D.*, 548 N.W.2d 389, 392 (N.D. 1996). Appeals from decisions by Job Service are governed by N.D.C.C. § 28–32–19. *Lord v. Job Serv. N.D.*, 343 N.W.2d 92, 94 (N.D.1984). Under N.D.C.C. § 28–32–19, a reviewing court must affirm a Job Service decision unless the court finds any of the following are present:

1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. Provisions of th[e] chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.

The scope of review of the facts found by an administrative agency is limited to determining whether "a reasoning mind could have reasonably determined that the factual conclusion was supported by the weight of the evidence." *Newland v. Job Serv. N.D.*, 460

N.W.2d 118, 120 (N.D.1990). *See also Erovick v. Job Serv. N.D.,* 409 N.W.2d 629, 631 (N.D.1987). If the facts are supported by the evidence, review is limited to questions of law. N.D.C.C. § 52–06–27. The interpretation of a statute is a question of law which is fully reviewable. *Six v. Job Serv. N.D.,* 443 N.W.2d 911, 913 (N.D.1989).

■ [¶ 8] Section 52–06–01(3), N.D.C.C., sets forth conditions required to be eligible for unemployment benefits: "An unemployed individual is eligible to receive benefits with respect to any week only if the bureau finds that: ... 3. The individual is able to work and is available for suitable work and actively seeking work."

[¶ 9] The North Dakota Supreme Court has not considered whether N.D.C.C. § 52–06–01(3) requires an individual seeking unemployment benefits to be able to work full-time. The authority in other jurisdictions is divided.

[¶ 10] Some courts have said a claimant who is able to work part-time is eligible for unemployment benefits. *See Scardina v. Commonwealth, Unemployment Compensation Bd. of Rev.,* 113 Pa.Cmwlth. 511, 537 A.2d 388, 389 (1988) (holding full-time student who is ready, willing and able to engage in some substantial employment may be eligible for benefits even though availability limited to part-time work); *Crocker v. Illinois Dept. of Labor,* 121 Ill.App.3d 185, 76 Ill.Dec. 695, 459 N.E.2d 332, 336 (Ill.App.Ct. 1984) (stating for purposes of entitlement to unemployment benefits, part-time work is not per se unsuitable); *Howard v. Department of Employment,* 100 Idaho 314, 597 P.2d 37, 39 (Idaho 1979)(affirming claimant's part-time job as suitable work for purposes of determining eligibility for unemployment benefits); *Hawkins v. District Unemployment Compensation Bd.,* 390 A.2d 973, 975 (D.C.1978) (stating inability to accept full-time work does not per se render claimant ineligible for benefits); *Rosenbaum v. Johnson,* 60 Ill.App.3d 657, 18 Ill.Dec. 105, 377 N.E.2d 258, 260 (Ill.App.Ct.1978) (stating claimant who is available for only part-time

work was not per se ineligible for unemployment benefits).

[¶ 11] Other courts have said a claimant who is only able to work part-time is not eligible for unemployment benefits. *See State Dept. of Indus. Relations v. Wilson,* 699 So.2d 230, 232 (Ala.Civ.App.1997) (holding claimant who sought only part-time rather than full-time employment not entitled to unemployment compensation benefits); *State, Dept. of Labor v. Boucher,* 581 P.2d 660, 662 (Alaska 1978)(holding claimant must be available for full-time work to qualify for unemployment benefits).

■ [¶ 12] In construing the "able to work" language of N.D.C.C. § 52–06–01(3), our primary duty is to ascertain the Legislature's intent. *See Singha v. North Dakota State Bd. of Med. Examiners,* 1998 ND 42, ¶ 16, 574 N.W.2d 838. The Legislature's intent initially must be sought from the language of the statute. *Id.* Words in a statute are construed in their plain, ordinary, and commonly understood sense. *Id.*

[¶ 13] Section 52–06–01(3), N.D.C.C., does not differentiate between full-time and part-time work and does not require a claimant who had worked only part-time to be available for fulltime work in order to be eligible for unemployment benefits. The plain language of N.D.C.C. § 52–06–01(3) does not limit a claimant's eligibility for unemployment benefits to being able to work full-time, and we decline to engraft that restriction into the statute. We conclude "able to work" includes being able to work at part-time employment.

[¶ 14] Here, Job Service adopted the referee's finding Beck was not eligible for benefits under N.D.C.C. § 52–06–01(3), because he was "able to work only part time." Job Service effectively found Beck was not eligible for benefits, because although he was able to work only part-time, he was not able to work full-time. Job Service did not find Beck's work ability was so limited as to preclude him from substantial employment. Under these limited circumstances, we conclude Job Service's decision Beck was not eligible for unemployment benefits because

he was able to work only part-time was based upon an erroneous interpretation of N.D.C.C. § 52–06–01(3) and is not in accordance with the plain language for eligibility in that statute.

[¶ 15] The district court judgment is reversed and the case is remanded to Job Service for determination of benefits.

[¶ 16] WILLIAM F. HODNY, Surrogate Judge, and RALPH R. ERICKSON, District Judge, concur.