SONJA I. JAMES, Plaintiff-Appellee, *v.* THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellants.

Second District No. 82—948

Opinion filed November 15, 1983.

Neil F. Hartigan, Attorney General, of Springfield (Leslie J. Rosen, Assistant Attorney General, of counsel), for appellants.

Roger C. Herdrich, of Georges & Herdrich, of Naperville, for appellee.

JUSTICE NASH delivered the opinion of the court:

Defendants, the Illinois Department of Labor and its Board of Review, appeal from a judgment of the circuit court which, on administrative review, reversed the decision of the Board that plaintiff, Sonja James, was ineligible for unemployment insurance benefits. Defendants contend that the determination of the Board that plaintiff's prin-

cipal occupation was as a student, thus disqualifying her from benefits, was not against the manifest weight of the evidence.

Plaintiff was employed by the Associates in Adolescent Psychiatry, S.C. (Associates), from April 1977 until December 9, 1980, when she was discharged. Plaintiff's claim for unemployment insurance benefits for the period December 14 through December 27, 1980, was denied by a claims adjudicator on the grounds she was ineligible under section 500(C)(4) of the Unemployment Insurance Act (Ill. Rev. Stat. 1981, ch. 48, par. 420(C)(4)) as her principal occupation was as a student. Plaintiff appealed from that determination and, after a hearing, a department referee reached the same conclusion. On further appeal to the Board of Review of the Department of Labor the decision of the referee was affirmed. On administrative review, however, the circuit court reversed the decision of the Board of Review and defendants appeal to this court.

We find that the decision of the Board of Review was not against the manifest weight of the evidence considered by it and reverse the judgment of the circuit court.

Section 500(C)(4) of the Unemployment Insurance Act provides:

> "An individual shall be deemed unavailable for work with respect to any week which occurs in a period when his principal occupation is that of a student in attendance at, or on vacation from, a public or private school." Ill. Rev. Stat. 1981, ch. 48, par. 420(C)(4).

The evidence disclosed that plaintiff had been employed by Associates as a psychological consultant for 3½ years prior to her discharge. In September 1979, she executed an employment agreement which provided she would work 20 hours each week for an annual salary of $12,437.50. The agreement also required plaintiff to enter a full-time program of study leading to a doctoral degree in psychology and thus eligible to become a registered psychologist in this State. By December 9, 1980, when she was discharged, plaintiff had completed 1⅓ years of doctoral studies with the Illinois School of Professional Psychology and her annual salary with Associates had increased to $14,000.

For her salary, plaintiff testified she spent six hours each week in the Associates' offices during which she conducted psychological tests. She also spent approximately 10 hours each week in her own home evaluating the results of the tests and an additional three to five hours per week counseling clients on an outpatient basis. In all, approximately 16 to 20 hours each week was directed towards plaintiff's employment with Associates.

During the weeks for which benefits were sought, plaintiff was on vacation between semesters of her educational program. In the fall semester of 1980, preceding her discharge, plaintiff was enrolled in three courses in her doctoral studies (the school considered four courses to be full-time enrollment), which required her to attend class for three hours on two evenings each week. She was also required to undertake an on-the-job clinical training program in a Chicago hospital from 9 a.m. to 4 p.m. each Monday and Wednesday. In addition to the 18—20 hours in which she attended class and engaged in on-the-job training at the hospital, plaintiff spent six to eight hours each week studying for her educational program; the necessary study periods extended to six hours each Saturday and Sunday towards the end of a term. Following the between semesters break, plaintiff resumed her studies in January 1980 on the same educational program and time schedule. After being discharged from Associates, plaintiff talked to a couple of psychiatrists and the operator of the treatment center regarding employment.

Plaintiff advised the claims adjudicator she was a full-time student; that her employment must be flexible in order to accommodate the requirements of her educational program; and, that her former employer had required that she go to school on a full-time basis and work half-time. Before the referee, plaintiff testified that she needed a doctorate in order to get a better job in her profession.

■■ In Illinois, the receipt of unemployment insurance benefits is a conditional right and the burden of proving eligibility before the Board of Review rests with the claimant. (*Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 892, 414 N.E.2d 1244.) On review of an administrative decision, the function of a court is limited to ascertaining whether the findings of fact were sustained by the evidence. We will not substitute our judgment for that of the administrative body or disturb its findings unless they are manifestly against the weight of the evidence. (*Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 104, 390 N.E.2d 333.) To be eligible for benefits, an unemployed person must be available for work. Generally, availability means the claimant is ready and willing to accept suitable work (*Stricklin v. Annunzio* (1952), 413 Ill. 324, 109 N.E.2d 183), and such availability depends upon the facts and circumstances of each case. *Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 315-16, 421 N.E.2d 397.

■ In the administrative hearings, in the circuit court and on review here, plaintiff has argued she is principally occupied as a professional in the field of psychology in which she earned substantial in-

come. She contends that as the time requirements for both employment and continued education in her profession are flexible, she was available for work as required by the Act and eligible for unemployment benefits. The legislature, however, has considered the common circumstance of a claimant who is or has been employed on a part-time basis while attending school and has unambiguously declared that a person who is principally occupied as a student shall be *deemed* unavailable for employment. (Ill. Rev. Stat. 1981, ch. 48, par. 420(C)(4).) The dispositive question considered by the Board of Review, and presented in this appeal, is not just whether plaintiff was available for work as required by section 500(C) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 420(C); see, *e.g., Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 421 N.E.2d 397; *Rosenbaum v. Johnson* (1978), 60 Ill. App. 3d 657, 377 N.E.2d 258) and the Board focused, correctly in our view, upon whether plaintiff must be deemed unavailable for work as a person whose principal occupation is as a student as is provided in section 500(C)(4) of the Act.

The evidence demonstrates plaintiff was employed on a part-time basis prior to her discharge and during that period was enrolled in an almost full-time educational program. The time requirements of plaintiff's employment were less than those necessary to her studies. Plaintiff acknowledged that the requirements of any employment must necessarily be subordinated to and be flexible enough to permit meeting her class schedules; here, that included most of each Monday and Wednesday. The fact plaintiff was able to engage in part-time work in her field while attending school does not require the conclusion urged by her that she was primarily associated with her employment. As the Board of Review found, plaintiff's employment during the period since she began the doctoral program was geared around and subservient to her educational program.

■ We conclude the decision of the Board of Review that plaintiff's principal occupation in the period for which she sought unemployment benefits was as a student is not against the manifest weight of the evidence. The contrary judgment of the circuit court will be reversed.

Judgment reversed.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.