ALFREDA EDDINGS *et al.*, Plaintiffs-Appellants, v. THE DEPARTMENT OF LABOR *et al.*, Defendants-Appellees.

First District (2nd Division)   Nos. 85—2702 through 85—2705 cons.

Opinion filed July 29, 1986.

Stephen G. Daday, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Karin Kepler, Assistant Attorney General, of Chicago, of counsel), for appellees.

PRESIDING JUSTICE BILANDIC delivered the opinion of the court:

Plaintiffs, Alfreda Eddings and Won Haeng Lee, filed complaints for administrative review (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) seeking to reverse decisions of the Board of Review, Illinois Department of Labor (hereafter Board), that they were ineligible to receive unemployment benefits. The decisions were affirmed in the circuit court of Cook County, and the plaintiffs appeal contending that they were justified in refusing part-time employment with their former employer which provided work at substantially less pay, benefits and stability.

The record shows that Won Haeng Lee was displaced as a full-time substitute bilingual teacher for the Chicago board of education on February 2, 1983. He applied for status with the Chicago board of education as a day-to-day substitute teacher and worked for two days. He did not contact the Chicago board of education thereafter, but actively and unsuccessfully sought jobs outside the teaching field. He then applied for unemployment insurance benefits stating that as a bilingual teacher his job was to teach oriental students, that because of cultural behavior patterns he could not control nonoriental students, and further that employment as a day-to-day substitute teacher with the Chicago board of education required that he work at a substantial reduction in salary with no job stability, pension or insurance. The Board denied unemployment benefits for this claimant because he placed a restriction on his active search for work by not contacting his last employer. That decision was affirmed in the circuit court.

On October 22, 1982, Alfreda Eddings was laid off from her job as a high school teacher of business education with the Chicago board of education. She made an active search for other regular teaching jobs at colleges and private schools. She filed a claim for unemployment benefits, and at the hearing on her claim admitted that she had not contacted the Chicago board of education's substitute teaching center because it offered only day-to-day work at half her last salary with no fringe benefits. She also stated that other industries did not impose such conditions on its workers and that it was not fair. She was denied unemployment benefits on the ground that she had not

met the availability and active-search-for-work requirements of section 500C of the Unemployment Insurance Act during the period from October 24, 1982, through November 13, 1982. (Ill. Rev. Stat. 1981, ch. 48, par. 420C.) The administrative findings also noted that the claimant had made no effort to obtain work in occupations other than teaching despite having both experience and unusual competence in basic office and secretarial skills.

Mrs. Eddings again filed claims for unemployment benefits for the period from September 11, 1983, through October 8, 1983, stating that she had been employed part-time as a day-to-day substitute teacher with the City Colleges of Chicago. At the hearing before the referee it was found that although this plaintiff had registered with the Chicago board of education as a substitute teacher, she had only called the teacher personnel department in an attempt to find full-time employment. A representative of the Chicago board of education admitted there was a list of 5,000 substitute teachers, and that an average of 2,000 were called for work each day. The referee denied unemployment benefits on the ground that although the claimant had conducted a good work search, she had failed to contact the Chicago board of education's center for substitute teachers where work was available. That decision was confirmed by the Board and circuit court.

The plaintiffs contend the administrative determinations that they are ineligible for unemployment insurance benefits are erroneous and against the manifest weight of evidence. They maintain the Chicago board of education's policy, that a person who desires substitute teaching work must indicate on a daily basis his availability for work on the following day at a substantial reduction in pay and unsuitable working conditions, is unjustifiably rigorous and contrary to the legal standard of suitability of work and their availability for it.

Our function on review of the administrative determination of availability is limited to ascertaining whether the Board's findings of fact are sustained by the evidence. (*Mohler v. Department of Labor* (1951), 409 Ill. 79, 97 N.E.2d 762.) To be eligible for unemployment benefits the claimant must establish that he is available for work, which means he is ready and willing to accept suitable work, and such availability depends upon the facts and circumstances of each case. (*James v. Department of Labor* (1983), 119 Ill. App. 3d 524, 456 N.E.2d 879.) To the extent that good cause and suitability are factual issues, the administrative determination is *prima facie* true and correct and should not be disturbed on review unless the findings are against the manifest weight of evidence. (*Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 459 N.E.2d 332.) However, con-

cerning matters of law, a court is not formally bound by administrative decisions interpreting the legal effect of statutory language, but it will give the administrative agency's conclusion great weight in the court's own construction of the statute. *Whitley v. Board of Review* (1983), 116 Ill. App. 3d 476, 451 N.E.2d 942.

■ The receipt of unemployment insurance benefits is a conditional right, and the burden of proving eligibility rests with the claimant. (*Yadro v. Bowling* (1980), 91 Ill. App. 3d 889, 414 N.E.2d 1244.) At issue is the Board's finding that the plaintiffs were not eligible for benefits because they did not meet the availability and active-search-for-work requirements of section 500C of the Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 420C). That section provides in part:

"An unemployed individual shall be eligible to receive benefits with respect to any week only if the Director finds that:
* * *
C. He is able to work, and is available for work; provided that during the period in question he was actively seeking work * * *."

We note that the Unemployment Insurance Act also provides in section 603 (Ill. Rev. Stat. 1983, ch. 48, par. 433) as follows:

"An individual shall be ineligible for benefits if he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the Director, or to accept suitable work when offered him by the employment office or an employing unit, or to return to his customary self-employment (if any) when so directed by the employment office or the Director. * * *

In determining whether or not any work is suitable for an individual, consideration shall be given to the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

We are of the opinion that section 603 sets forth the proper legal criteria applicable to the facts of these cases.

■ The above statutory provision refers to refusal of work for "good cause." In Illinois the term "good cause" is not confined to reasons connected with the employer but may be found in the claimant's personal circumstances or his unsuitability for the particular job and should be judged by the reasonableness of the claimant's actions

in light of the circumstances which exist in his particular case. (*Thompson v. Board of Review* (1983), 120 Ill. App. 3d 1, 457 N.E.2d 512.) A substantial reduction in pay may constitute "good cause" for leaving work depending on the attendant circumstances. (*Mangan v. Bernardi* (1985), 131 Ill. App. 3d 1081, 477 N.E.2d 13; *Crocker v. Department of Labor* (1984), 121 Ill. App. 3d 185, 459 N.E.2d 332; *Keystone Steel & Wire v. Department of Labor* (1976), 37 Ill. App. 3d 704, 706, 346 N.E.2d 399.) Further, this court has held that a substantial, unilateral change in the employment may render the job unsuitable and entitle the worker to benefits even if he leaves voluntarily so long as the termination is for a good cause attributable to the employer. *Davis v. Board of Review* (1984), 125 Ill. App. 3d 67, 68, 465 N.E.2d 576.

■ Here, the plaintiffs received letters from the Chicago board of education terminating their full-time employment. There was no reasonable assurance that they would be re-employed in the same or substantially the same capacity during the remainder of the academic year. The uncontested evidence shows that the Chicago board of education has a pool of some 5,000 substitutes from which about 2,000 day-to-day substitute teachers are hired each day. The plaintiffs should not be denied unemployment benefits because the school system would commit them to the uncertain status of a day-to-day substitute at an approximately 40% reduction in salary with no fringe benefits. An offer of employment as a day-to-day substitute teacher cannot be equated with the plaintiffs' previous employment as substantially higher salaried full-time teachers with fringe benefits.

■ The Board acknowledged in its findings that the plaintiffs actively sought work. Plaintiff Lee sought to be employed in fields outside his previous occupation of teaching, while plaintiff Eddings confined her job-seeking activities to private and public educational institutions, including the Chicago board of education's personnel department, which could perhaps offer her suitable work in the field of her experience as a teacher. Under these circumstances, the evidence here impels us to find that the plaintiffs met the "standard of reasonableness for the average person" and manifested good faith consistent with their desire to secure other suitable employment. We find that the evidence does not support the Board's conclusion that the plaintiffs failed to actively seek work because they did not contact the teaching substitute center of the Chicago board of education. We therefore conclude that the administrative decisions were against the manifest weight of the evidence.

The judgments of the circuit court of Cook County are therefore reversed, and the causes are remanded to the Board for a determination of benefits due to the plaintiffs.

Reversed and remanded.

STAMOS and SCARIANO, JJ., concur.