ALBERT HENDERSON, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—91—1353

Opinion filed May 26, 1992.

Legal Assistance Foundation of Chicago, of Chicago (David E. Haracz and James O. Latturner, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Eve Moran, Assistant Attorney General, of Chicago, of counsel), for appellee Department of Employment Security.

Iris E. Sholder and Percival Harmon, both of Board of Education of City of Chicago, of Chicago, for appellee Board of Education of City of Chicago.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff Albert Henderson filed a complaint seeking administrative review of a decision of the Board of Review of the Department of Employment Security (Board) that he was ineligible to receive unemployment benefits because he voluntarily left his employment without good cause attributable to his employer. The circuit court affirmed the Board's denial of plaintiff's application for unemployment insurance benefits, and plaintiff appeals contesting the correctness of that decision.

A hearing on plaintiff's appeal of the denial of benefits was held before a referee on February 2, 1990. Testimony revealed that plaintiff worked for the Board of Education of the City of Chicago for more than 14 years until he resigned, effective September 11, 1989. He was employed as a "factor" custodial worker until February 6, 1989, when he was demoted to the position of regular custodial worker. Plaintiff testified that this demotion was accompanied by a $9,000 to $10,000 decrease in pay per year, and pay was computed on an hourly basis rather than a salary.

After the demotion, plaintiff worked for two weeks. During that period, he earned $600 rather than his previous earnings for a two-week period of $1,000. Plaintiff testified that he did not work from February 6 until April 3, 1989, due to an injury. He then took a leave of absence from April 4 through July 2, 1989. On July 3, 1989, plaintiff returned to work at Washburne Trade School and remained until July 17, 1989. Plaintiff took vacation time and returned on August 4, 1989, when he informed his employer that he was resigning.

Plaintiff testified that a hearing was conducted prior to his demotion and he was told that he would be demoted for illegal entry and attempted theft of school property. Plaintiff admitted that he removed fluorescent lamps and toilet paper from Collins High School while he was assigned to Funston School, but claimed he took the supplies to use at Funston. He attended the hearing accompanied by a union representative, and he never filed a grievance requesting that the union attempt to reverse the demotion. Plaintiff testified that the union representative told him to wait for the outcome of the criminal charges arising from the incident. The criminal

charges were subsequently dismissed. Plaintiff then obtained a grievance form, but the union representative told him that it would do no good. Further, plaintiff stated that when he turned in his resignation on August 4, he was told to think about this decision because many changes were occurring and many people were resigning. Thus, his resignation was not made effective until September 11, 1989.

The referee found that plaintiff voluntarily left work without good cause attributable to the employer. While the referee determined that the demotion substantially altered the terms and conditions of plaintiff's employment, plaintiff "accepted the demotion both by his failure to file a grievance and by his remaining employed at this position for seven months after the demotion." Thus, plaintiff was disqualified from receiving unemployment benefits. The decision was affirmed by the Board, which found that plaintiff was transferred after he was found removing property from a school which he had no authority to enter. The Board's ruling was upheld on administrative review.

■ The Unemployment Insurance Act (Act) is to be liberally construed in order to protect individuals from severe economic insecurity resulting from involuntary unemployment. (Ill. Rev. Stat. 1989, ch. 48, par. 300; *Lipman v. Board of Review of the Department of Labor* (1984), 123 Ill. App. 3d 176, 462 N.E.2d 798.) Further, the claimant bears the burden of establishing that he is eligible to receive unemployment benefits and must meet the terms and conditions set forth in the Act. *Collier v. Department of Employment Security* (1987), 157 Ill. App. 3d 988, 510 N.E.2d 623.

■ In the instant case, the Board found that plaintiff was ineligible to receive unemployment benefits based upon section 601(A) of the Act. This section provides in pertinent part:

> "An individual shall be ineligible for benefits for the week in which he has left work voluntarily without good cause attributable to the employing unit ***." (Ill. Rev. Stat. 1989, ch. 48, par. 431(A).)

"[G]ood cause for leaving may result from a substantial, unilateral change in the employment which renders the job unsuitable." (*Finik v. Department of Employment Security* (1988), 171 Ill. App. 3d 125, 133, 524 N.E.2d 1148.) The existence of "good cause attributable to the employing unit" is generally a factual issue. (*Pearson v. Board of Review of the Department of Employment Security* (1990), 194 Ill. App. 3d 1064, 551 N.E.2d 1021.) Further, we note that the findings and conclusions of the Board on questions of fact

are held as *prima facie* true and correct (*Jackson v. Board of Review of the Department of Labor* (1985), 105 Ill. 2d 501, 475 N.E.2d 879), and the duty of the reviewing court is to determine whether the findings and decision of the agency are against the manifest weight of the evidence. *Sheff v. Board of Review* (1984), 128 Ill. App. 3d 347, 470 N.E.2d 1044.

■ In the instant case, the Board found that plaintiff quit his job rather than accept a transfer to a different school at a different rate of pay after his employer caught plaintiff removing property from a school to which he was not assigned and had no authority to enter. Plaintiff testified that he entered Collins High School and removed fluorescent lamps and toilet paper while he was assigned to Funston School in order to replace supplies at Funston. In addition, plaintiff testified that he was charged with criminal trespass and attempted theft, but these charges were subsequently dismissed. This testimony reveals that the factual findings of the Board are not against the manifest weight of the evidence. Thus, we must now determine if the Board correctly applied the law to these findings.

Plaintiff contends that he left his employment for good cause attributable to his employer because he suffered a substantial reduction in wages. A reduction in pay may constitute "good cause" depending upon the surrounding circumstances. (*Keystone Steel & Wire Division, Keystone Consolidated Industries v. Department of Labor* (1976), 37 Ill. App. 3d 704, 346 N.E.2d 399.) Further, plaintiff correctly notes that the focus is on the conduct of the employer, rather than the claimant. *Pearson v. Board of Review of the Department of Employment Security* (1990), 194 Ill. App. 3d 1064, 551 N.E.2d 1021.

■ We need not address whether the reduction in wages constituted "good cause." In the instant case, plaintiff did not resign until seven months after the pay reduction and demotion went into effect. Further, plaintiff did not file a grievance or follow any procedure contesting the disciplinary action. Over the seven-month period, plaintiff used 6½ months of leave and vacation time. In addition, there is nothing in the record that reveals any efforts on plaintiff's part to resolve the situation with his employer. Plaintiff initially testified that he did not know he had a right to file a grievance, and later he testified that a union representative told him that filing a grievance would "probably" not be successful. But this did not relieve plaintiff of all responsibility to attempt to resolve the situation. An employee should make reasonable efforts to resolve employment conflicts. (*Davis v. Board of Review of the*

*Department of Labor* (1984), 125 Ill. App. 3d 67, 465 N.E.2d 576.) Since plaintiff took no action, we find that he acquiesced, and when he left his employment seven months later, it was not due to good cause attributable to his employer. Our decision is not altered by plaintiff's testimony that he delayed his resignation because an employer's representative told him to think about his decision.

Thus, the judgment of the circuit court is affirmed.

Affirmed.

DiVITO and McCORMICK, JJ., concur.