KEVIN E. MILLER, Plaintiff-Appellee, v. THE DEPARTMENT OF EM-
PLOYMENT SECURITY *et al.*, Defendants-Appellants.

Fourth District    No. 4—92—0674

Argued April 21, 1993.—Opinion filed June 3, 1993.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Kimberly W. White, Assistant Attorney General (argued), of Chicago, of counsel), for appellants.

Kathleen Mack, of Land of Lincoln Legal Assistance Foundation, Inc., of Springfield, and Samuel J. Moore (argued), for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1990, plaintiff, Kevin E. Miller, applied for unemployment compensation benefits from defendant, the Illinois Department of Employment Security (Department). The Department found plaintiff ineligible for benefits under section 500(C)(4) of the Unem-

ployment Insurance Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 420(C)(4)) because his principal occupation was that of a student. On administrative review, the circuit court reversed this decision, and the Department appeals.

We reverse.

## I. BACKGROUND

On November 2, 1990, plaintiff was discharged from his job as a janitor at Maintenance Supply Corporation in Springfield, Illinois. He had worked at Maintenance Supply since September 1989. A few days after his discharge, plaintiff applied for unemployment compensation benefits from the Department for the period of November 4, 1990, through November 17, 1990. A claims adjudicator for the Department denied plaintiff's claim on the ground that he was ineligible under section 500(C)(4) of the Act because his principal occupation was that of a student. Plaintiff filed an application for reconsideration, which was granted. On reconsideration, a reviewing claims adjudicator for the Department noted that plaintiff was willing to drop classes for work and that he needed to work in order to continue school. The reviewing adjudicator also specified that plaintiff would *"prefer"* (emphasis in original) part-time work but would take full-time work. The adjudicator then affirmed the initial determination that plaintiff was ineligible to receive benefits because his principal occupation was that of a student.

Plaintiff thereafter appealed the reviewing claims adjudicator's determination. A Department referee conducted a hearing on plaintiff's claim and affirmed the claims adjudicator's determination. On still further appeal, the Board of Review (Board) reached the same conclusion and affirmed the decision of the referee. However, on administrative review, the circuit court reversed the decision of the Board, finding plaintiff's principal occupation was not that of a student. The court held that the record showed plaintiff was available for and able to work. Accordingly, the court ruled that the decision denying benefits was against the manifest weight of the evidence. This appeal followed.

## II. ANALYSIS

In an unemployment compensation case, the Board is the trier of fact (*London v. Department of Employment Security* (1988), 177 Ill. App. 3d 276, 279, 532 N.E.2d 294, 296), and its factual findings should be viewed as *prima facie* correct. A court should not disturb those findings on review unless they are contrary to the manifest

weight of the evidence (Ill. Rev. Stat. 1991, ch. 110, par. 3—110; *Wilson v. Department of Employment Security* (1990), 196 Ill. App. 3d 711, 713, 554 N.E.2d 1006, 1008; *London*, 177 Ill. App. 3d at 279, 532 N.E.2d at 296-97; *Popoff v. Department of Labor* (1986), 144 Ill. App. 3d 575, 576-77, 494 N.E.2d 1266, 1267). A reviewing court may not substitute its judgment for that of an administrative agency. *Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267; *James v. Department of Labor* (1983), 119 Ill. App. 3d 524, 527, 456 N.E.2d 879, 881; *Doran v. Department of Labor* (1983), 116 Ill. App. 3d 471, 474, 452 N.E.2d 118, 121.

The primary purpose of the Act is to provide compensation benefits to unemployed individuals to alleviate their economic distress caused by involuntary unemployment (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 452, 259 N.E.2d 257, 261; *Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267; *Collier v. Department of Unemployment Security* (1987), 157 Ill. App. 3d 988, 991, 510 N.E.2d 623, 625), not to benefit those who are unemployed because of their own misdeeds (*Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267). Receiving unemployment insurance benefits in this State is a conditional right, and the claimant bears the burden of proving his eligibility for those benefits. *Henderson v. Department of Employment Security* (1992), 230 Ill. App. 3d 536, 538, 595 N.E.2d 96, 98; *Collier*, 157 Ill. App. 3d at 991, 510 N.E.2d at 625; *Eddings v. Department of Labor* (1986), 146 Ill. App. 3d 62, 66, 496 N.E.2d 1167, 1169.

■ To be eligible for benefits under the Act, a claimant must prove that he meets the terms and conditions the Act prescribes (*Collier*, 157 Ill. App. 3d at 992, 510 N.E.2d at 625; *Popoff*, 144 Ill. App. 3d at 577, 494 N.E.2d at 1267), including that he is available for work. (Ill. Rev. Stat. 1991, ch. 48, par. 420(C).) Generally, availability means that the claimant stands ready and willing to accept suitable work. (*James*, 119 Ill. App. 3d at 527, 456 N.E.2d at 881; see *Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 315-16, 421 N.E.2d 397, 402.) Section 500(C)(4) of the Act provides that a claimant is "deemed *unavailable for work* with respect to any week which occurs in a period when his principal occupation is that of a student in attendance at, or on vacation from, a public or private school." (Emphasis added.) Ill. Rev. Stat. 1991, ch. 48, par. 420(C)(4).

The evidence in this case disclosed that prior to losing his job, plaintiff worked a 6 p.m. to 10 p.m. shift at Maintenance Supply five nights a week while he attended classes at Lincoln Land Community College 12 hours per week. He attended classes on Monday, Wednesday, and Friday from 8 a.m. to noon, on Tuesday from 9 a.m. to 10

a.m., and on Thursday from 1 p.m. to 3 p.m. Plaintiff took these classes to obtain an associates degree in electronics technology.

Plaintiff began taking classes at Lincoln Land in the fall of 1989. During that time, he worked full-time at Maintenance Supply from 10 p.m. to 6 a.m. and took 15 hours of classes. In the spring of 1990, he took 12 credit hours. In the fall of 1990, he took an additional 12 hours. He was a full-time student based on this course load. At the time of the hearing, plaintiff was enrolled for 12 hours for the spring 1991 term.

On plaintiff's eligibility review form for unemployment compensation benefits, he indicated he would prefer to work an evening or afternoon shift. At the hearing, plaintiff explained by "afternoon shift" he meant after 12:30 p.m. because his classes ended at noon. The form also required him to designate what other shift he would work, and plaintiff wrote "none." He later clarified that answer by explaining that when he said he could not work any other shift, he meant that he did not want to work a "graveyard shift." However, at the subsequent hearing, he said that if he found a job and the pay was right, he would work a "graveyard shift." On the same form, plaintiff also indicated he could not work Mondays because of school. However, although he earlier listed only Monday as the day he could not work, he stated elsewhere on the form that he also could not work on Tuesdays, Wednesdays, and Thursdays because of school.

After interviewing plaintiff, a claims adjudicator specified on a claimant-information form that plaintiff attended classes at Lincoln Land in pursuit of a degree and sought part-time employment because of his schedule. When the referee asked plaintiff about daytime shifts, plaintiff replied he would be in school. He also stated that when he applied for work, he indicated he wanted to work part-time. When asked by the referee what he would have done if he had been offered an 8 to 5 job in November, plaintiff asserted he would have accepted the job and then would have made arrangements with his teachers to complete his courses. He further asserted that he was available to go to work, and the only reason he went to school was "so that [he could] be a worker, so [he could] get a job."

■■ On this record, the Department could appropriately find plaintiff's employment was geared around and subservient to his classes. Although plaintiff had indicated to a claims adjudicator he would forego taking classes in order to obtain a full-time job and had in the past successfully worked full-time while attending classes full-time, the evidence also demonstrated that plaintiff was a full-time student and sought part-time employment that would not interfere with his

classes. On his eligibility review form, he asserted that he could not work Mondays because it would conflict with his classes. At the hearing, he testified this was also true of other days of the week. He also stated on the form that he would not work any shift other than afternoon or evening because of his classes. When applying for work, he indicated to potential employers he sought only part-time employment. Thus, the Board's finding that his principal occupation was that of a student was not against the manifest weight of the evidence. (See *James*, 119 Ill. App. 3d at 528, 456 N.E.2d at 882.) Accordingly, we reverse the circuit court's judgment.

### III. CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court.

Reversed.

McCULLOUGH and COOK, JJ., concur.