2022 IL App (3d) 190560

Opinion filed January 19, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| SALVATORE TERESI, | ) | Appeal from the Circuit Court |
| | ) | of the Twelfth Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY; THE | ) | |
| DIRECTOR OF EMPLOYMENT | ) | Appeal No. 3-19-0560 |
| SECURITY; THE BOARD OF | ) | Circuit No. 18-MR-1796 |
| REVIEW OF THE DEPARTMENT OF | ) | |
| EMPLOYMENT SECURITY; and MEIJER | ) | |
| STORES LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (The Department of Employment Security, The | ) | |
| Director of Employment Security, and The | ) | The Honorable |
| Board of Review, Defendants-Appellants). | ) | John C. Anderson, |
| | | Judge, presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justice Schmidt and Justice Hauptman concurred in the judgment and opinion.

**OPINION**

¶ 1        The Board of Review of the Illinois Department of Employment Security (Department)

appeals from a trial court order reversing the Board's decision denying unemployment benefits

to Salvatore Teresi. The Board found Teresi, who sought benefits because his employer had involuntarily terminated his employment, was not able or available for work under section 500(C) of the Unemployment Insurance Act (Act) (820 ILCS 405/500(C) (West 2018)) because he was seeking only part-time work and he failed to prove such a limitation to part-time work was appropriate because of circumstances which were beyond his own control.

¶ 2        On administrative review, the circuit court reversed the Board's decision, finding that the decision was contrary to the manifest weight of the evidence. The Department appeals and argues that the manifest weight of the evidence showed that Teresi was not seeking full-time employment, as required to receive benefits under the Act. We agree with the Board's finding that Teresi was not able and available for work because he wanted to maintain his weekly earnings under $250 to qualify for Social Security disability benefits. Therefore, we reverse the circuit court's decision and affirm the decision of the Board of Review.

¶ 3                                    I. BACKGROUND

¶ 4        Teresi began working for Meijer Stores Limited (Meijer) in April 2015, as a "facer," which required him to showcase products for customers. Teresi was diagnosed with cancer in 2016. Beginning November 24, 2017, and acting under doctor's orders, Teresi stopped working because of his cancer. Meijer requested documentation from Teresi regarding his health several times. Teresi spoke with a representative from Meijer on March 7, 2018. During that call, the representative explained that Meijer had not heard from him since November 2017. Teresi responded that he was "in between doctors," so he could not provide Meijer with updated information. He added that his employment with Meijer was a "part time job," that he was retired, and that he was "working with Meijer to get his 401k[.]" That same month, Meijer discharged Teresi for failing to provide the requested documentation.

2

¶ 5        Thereafter, Teresi filed for unemployment benefits with the Department. Meijer filed a protest, asserting that Teresi had been discharged for cause for failing to provide requested information regarding his medical condition.

¶ 6        A Department claims adjudicator conducted an interview with Teresi, during which Teresi explained that he was unable to work because he was battling cancer and needed to undergo surgery. The claims adjudicator determined that Teresi was ineligible for unemployment benefits between March 11, 2018, and March 24, 2018, because he had a medical restriction and was unable to work.

¶ 7        Teresi submitted a request for reconsideration and an appeal from the claims adjudicator's decision. In it, he explained that he had been told during his interview with the Department's claims adjudicator that he needed to submit a note from his doctor, stating that he could work. To that end, Teresi submitted a note from his doctor stating that he "may be able to work." Teresi also submitted a "work search record" that showed he had reached out to several stores regarding potential work. Teresi argued that he was entitled to unemployment benefits because he provided a doctor's note explaining that he could work and documentation that he was searching for work.

¶ 8        A Department referee conducted a hearing on Teresi's request, during which Teresi represented himself and Meijer did not participate. Teresi testified as follows. He began working at Meijer in April 2015. He was diagnosed with cancer in 2016. In November 2017, Teresi's doctor recommended that he stop working to undergo cancer treatment. Teresi's doctor would not give him a note to return to work and instead referred him to a surgeon because he had a herniated stomach, which was unrelated to his cancer. In March 2018, Teresi's doctor told him that he could return to work without any restrictions. Teresi did not know at that time, however,

3

that he had already been fired from Meijer. After learning of his discharge, he began looking for work. He sought work that would pay him an amount "underneath the cap" he was allowed to earn and still collect the Social Security disability payments he received. He explained that the cap was "about a thousand dollars, $250 a week." Teresi said that he was willing to work Monday through Sunday, during any shift, and that he would be willing to drive about one hour to get to work. He described his desired work as "a high school job, just an ordinary job, flipping burgers," but he explained that he could not "get a real good job because then that's [going to] be too much money for me."

¶ 9        After the hearing, the referee issued a decision determining that Teresi was not eligible for unemployment benefits. The referee noted that (1) Teresi had told the claims adjudicator that that he could not work because of his cancer, (2) even though Teresi submitted a doctor's note with his request for reconsideration or appeal, that note only stated that he might be able to work, not that he could, and (3) Teresi had been collecting Social Security disability benefits available to individuals who cannot work because of a medical condition that is expected to last at least one year or result in death. The referee concluded that if Teresi was receiving Social Security disability benefits, "he cannot claim he was able to work just so he can collect unemployment benefits." Finally, the referee found that Teresi was only seeking part time work, and under section 500(C) of the Act, an individual must generally be able to obtain full time work to be considered able to work. As a result, the referee considered Teresi ineligible for unemployment benefits under the Act.

¶ 10        Teresi appealed the referee's decision to the Board of Review, arguing that the Department referee had misunderstood some of his answers and the doctor's note that he had provided. With his appeal, Teresi provided an additional doctor's note, which stated that "patient

4

is able to work." The Board determined that it would not consider Teresi's arguments contained in his appeal because he had not certified that he mailed or served it upon Meijer. The Board considered the record in the matter, including the transcript from the hearing before the Department referee, and determined that no further evidentiary proceedings were necessary.

¶ 11    In rendering its final administrative decision, the Board found that Teresi had testified that he was seeking part-time work because he could not earn more than $250 per week to continue to receive his Social Security disability payments. Thus, the Board concluded that he was "unavailable for work because he [did] not want to lose his social security disability pay." The Board also concluded that Teresi was ineligible to receive unemployment benefits as a seeker of part-time work because his desire "to preserve his social security disability pay is not a circumstance which is beyond [his] control under the Act."

¶ 12    Teresi filed a complaint in the circuit court for administrative review of the Board's final decision. He attached a short statement of facts to his complaint, in which he stated that he "never said [he] was seeking part-time work but looking for a job that paid [him minimum] wage." He argued that it was "not up to the referee, where and how much money [he] wish[ed] to make in order to stay in the SSDI program that allows [him] to work full-time." He explained that some employer would start him as part-time employee before allowing him "to become full time and 32 hours or more to some companies is considered full time." He stated that he wanted "unemployment benefits while" he sought full-time employment.

¶ 13    After adding Meijer as a necessary party, and holding a hearing on August 23, 2018, the circuit court reversed the Board's decision. In doing so, the circuit court found that the Board's administrative decision was contrary to the manifest weight of the evidence. The Department now appeals.

5

¶ 14                                    II. ANALYSIS

¶ 15                               A. Standard of Review

¶ 16     We initially note that Teresi, as the appellee, has not filed a brief. We will nonetheless decide the merits of this appeal because we can address the claimed errors without the aid of an appellee's brief. *State Farm Mutual Insurance Co. v. Ellison*, 354 Ill. App. 3d 387, 388 (2004). In such a case, "if the appellant's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record the judgment of the trial court may be reversed." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17     However, we review the Board's decision rather than the decision of the circuit court, the referee, or the claims adjudicator. *Universal Security Corp. v. Department of Employment Security*, 2015 IL App (1st) 133886, ¶ 12. The degree of deference we afford to an administrative agency's decision depends on whether the question involves one of fact, law, or a mixed question of fact and law. *Id.* We deem the Board's factual findings and conclusions *prima facie* true and correct; we will reverse them only if they are against the manifest weight of the evidence. *Persaud v. Department of Employment Security*, 2019 IL App (1st) 180964, ¶ 14. We review the Board's legal determinations *de novo*. *Id.* ¶ 15. Mixed questions of fact and law— those where the historical facts are admitted or established and the sole question involves whether the facts satisfy the statutory standard—may be reversed only when clearly erroneous. *Id.* ¶ 16. A clearly erroneous decision leaves the reviewing court "with the definite and firm conviction that a mistake has been committed." *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board, State Panel*, 216 Ill. 2d 569, 577-78 (2005).

¶ 18      A mixed question of fact and law is one where "the historical facts are admitted or established, the rule of law is undisputed, and the issue is whether the facts satisfy the statutory standard, or whether the rule of law as applied to the established facts is or is not violated." *Moss v. Department of Employment Security*, 357 Ill. App. 3d 980, 984 (2005) (citing *AFM Messenger Service, Inc. v. Department of Employment Security*, 198 Ill. 2d 380, 391 (2001)). Here, the question presented is whether Teresi's desire to maintain his qualifications for Social Security disability benefits as a condition of employment meant that he was not eligible for unemployment benefits. This is a mixed question of fact and law subject to the clearly erroneous standard of review. *Id.*

¶ 19                              B. Able and Available for Work

¶ 20      The primary purpose of the Act is to provide compensation benefits to unemployed individuals to alleviate their economic distress caused by involuntary unemployment. *Miller v. Department of Employment Security*, 245 Ill. App. 3d 520, 522 (1993). Receiving unemployment insurance benefits involves a conditional right, with the burden of proving eligibility on the claimant. *Childress v. Department of Employment Security*, 405 Ill. App. 3d 939, 943 (2010). Section 500 of the Act states that for a claimant to be eligible for benefits, he or she must (i) be registered for work and continue to report to an unemployment office, (ii) have made a claim for benefits each week, and (iii) be able and available for work and actively seeking work for the period. 820 ILCS 405/500 (West 2018).

¶ 21      The Act does not define "able to work." Section 2865.105(a) of the Department's regulations, however, states "[a]n individual is able to work when he or she is physically and mentally capable of performing work for which he or she is otherwise qualified." 56 Ill. Adm. Code § 2865.105(a) (2020). Section 2865.105(b) further states that "[t]he focus is upon the

individual's condition, [and] the employer's willingness to hire him or her is not relevant." 56 Ill. Adm. Code § 2865.105(b) (2020). The Act also does not define "available for work," but section 2865.110(a) of the Department's regulations states that "[a]n individual is available for work, even if he or she imposes conditions upon the acceptance of work, unless a condition so narrows opportunities that he or she has no reasonable prospect of securing work." See 56 Ill. Adm. Code § 2865.110(a) (2020). Courts have interpreted "available for work" to mean that "the claimant stands ready and willing to accept suitable work." *Moss*, 357 Ill. App. 3d at 985; *Miller*, 245 Ill. App. 3d at 522.

¶ 22        There was evidence in the record to support the Board's factual finding that Teresi was seeking only part-time work and not full-time work as required to receive benefits under the Act. Teresi testified that he did not want to make more than $250 each week so that he could continue to receive Social Security disability benefits. He also testified that he was looking for a job that would pay him the minimum wage. In 2018, when Teresi was discharged from Meijer and was looking for employment, the minimum wage in Illinois was $8.25 per hour. A full-time job is generally considered one in which an individual works 40 hours per week. See 56 Ill. Admin. Code § 2720.1. If Teresi could find a job where even 32 hours per week is the standard for full-time, his salary at $8.25 per hour would be $264 per week; at 40 hours, he would earn $330 per week. Thus, if Teresi obtained a full-time job at either 40 or 32 hours a week, paying him minimum wage, he would be earning more than $250 per week.

¶ 23        Moreover, Teresi testified that he would not accept a job if it paid him more than $250 each week. He stated that he could not "get a real good job because then that's [going to] be too much money for me." The only way that Teresi could make less than $250 per week, even while working in a job that paid him the minimum wage, would be if he did not work full-time. Based

8

on this evidence, the Board's finding that Teresi was only seeking part-time work was not against the manifest weight of the evidence.

¶ 24    In *Miller*, the plaintiff sought unemployment benefits after being terminated from his job. *Miller*, 245 Ill. App. 3d at 521. When the plaintiff applied for unemployment benefits, he indicated that he would prefer afternoon or evening shifts in his new employment so that he could attend classes at a community college. *Id.* at 523. Although the plaintiff testified that he would accept full-time work if offered it, he also testified that he could not work certain days and shifts because of his classes. *Id.* Based on this evidence, "the Department could appropriately find plaintiff's employment was geared around and subservient to his classes" and that the individual "was a full-time student and sought part-time employment that would not interfere with his classes." *Id.* at 523-24. As a result, the Board's factual finding that the individual's principal occupation was a student was not against the manifest weight of the evidence. *Id.* at 524.

¶ 25    Similarly, here, Teresi testified that he could not make more than $250 each week, which Teresi could not do, even while earning minimum wage, unless he worked less than full-time. Thus, the evidence showed that Teresi's employment search was subservient to his desire to continue to receive his Social Security disability benefits. Accordingly, the Board could appropriately find that Teresi was seeking part-time work, and not the full-time work required to receive unemployment benefits under the Act.

¶ 26    We conclude that the record supports the factual finding that Teresi was seeking part-time employment to retain his Social Security benefits. An individual may seek part-time work and still be eligible to receive unemployment benefits if "circumstances out of his control" restrict his availability to part-time work or he is qualified for work that "is available only on a

9

part-time basis." 56 Ill. Adm. Code § 2865.125(a) (2019). The claimant must "prove by a preponderance of the evidence" that he meets the condition for eligibility for part-time work. 56 Ill. Adm. Code § 2865.125 (2019). Although Teresi stated that certain employers would only start candidates on a part-time basis for the positions he is seeking, he does not contend that those positions are only available on a part-time basis. His primary concern was to maintain his Social Security disability benefits. As the Board explained in its final administrative decision, "[w]anting to preserve his social security disability pay is not a circumstance which is beyond claimant's control under the Act." Circumstances beyond a claimant's own control must be akin to "advice of [his] physician that full-time work would adversely affect [his] health." 56 Ill. Adm. Code § 2865.125(a)(1) (2019). Therefore, the Board properly determined that Teresi was ineligible to receive unemployment benefits because he was not able and available for work, as required by Section 500(C) of the Act.

¶ 27                                    III. CONCLUSION

¶ 28            The judgment of the circuit court of Will County is reversed, and the decision of the Board of Review of the Department of Employment Security is affirmed.

¶ 29            Circuit court judgment reversed.

¶ 30            Board decision affirmed.

**No. 3-19-0560**

| | |
|---|---|
| **Cite as:** | *Teresi v. Department of Employment Security*, 2022 IL App (3d) 190560 |
| **Decision Under Review:** | Appeal from the Circuit Court of Will County, No. 18-MR-1796; the Hon. John C. Anderson, Judge, presiding. |
| **Attorneys for Appellant:** | Kwame Raoul, Attorney General, of Chicago (Jane Elinor Notz, Solicitor General, and Kaitlyn N. Chenevert, Assistant Attorney General, of counsel), for appellants. |
| **Attorneys for Appellee:** | No brief filed for appellee. |